AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

PETE LIVINGSTON,

V.

KEYA MORGAN a/k/a KEYARASH MAZHARI
a/k/a KEYA MAZHARI, KEYA GALLERY

AMENDED

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 CV 7835 (RMB) (KNF)

TO: (Name and address of Defendant)

Keya Morgan a/k/a Keyarash Mazhari a/k/a Keya Mazhari: 140 East 56th St., Apt. 7G, New York, NY 10022

Keya Gallery: 14 Wall Street, New York, NY 10005

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Steven Ward Williams, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street
Syracuse, NY 13202
(315) 474-2911

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

WILLIAM M. SIMPICH, SBN #106672
1736 Franklin Street, Tenth Floor
Oakland, California 94612
Telephone: (510) 444-0226

TESFAYE W. TSADIK, SBN #108103
1736 Franklin Street, Tenth Floor
Oakland, California 94612
Telephone: (510) 839-3922

Steve Ward Williams, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911

Attorneys for Plaintiff
PETE LIVINGSTON

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| PETE LIVINGSTON, | Case No. 07 CV 7835 (RMB) (KNF) |
|---|---|
| Plaintiff, | |
| v. | AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Jury Demand) |
| KEYA MORGAN aka KEYARASH MAZHARI aka KEYA MAZHARI, KEYA GALLERY, | 1. Copyright infringement<br>2. Conversion |
| Defendants. | |

Plaintiff Pete Livingston alleges:

*Complaint for Damages
And Injunctive Relief*

## NATURE OF ACTION

1. This is an action for copyright infringement and related state law claims arising from the willful misconduct of all defendants in this action. Plaintiff Pete Livingston is the sole heir of his father's photographic work. Defendants Keya Morgan and Keya Gallery claim to have in their possession 58 copyrighted photographs of Carl Perutz, and willfully and knowingly violated the copyright laws (17 U.S.C. §101 et seq.) by distributing and offering to distribute the photographs. These defendants also suborned infringement through the website www.marilyn-online.de which promoted the sale and distribution of these copyrighted photographs.

Janina Gehn aka Nina Gehn and NTG/Xlink created a website in Frankfurt, Germany (www.marilyn-online.de) which advertised the sale and distribution of this copyrighted photographs. Nova Wines, Inc. knowingly took an image of Perutz' Monroe photographs from the aforementioned German website (attached as the sole exhibit to this complaint, and incorporated by reference) and created a derivative work from it without securing rights to Perutz's photograph. They placed that derivative work on their 2002 Marilyn Merlot wine bottle, and used it on their website and in documents created for publicity. Plaintiff has resolved his disputes with these parties and they are not parties in this litigation.

Pete Livingston seeks in this action, among other things, immediate injunctive relief ordering defendants to stop the infringement and distribution. The need for injunctive relief is critical: (1) Pete Livingston will prevail on the merits of his copyright and other claims; (2) Without injunctive relief Livingston will continue to suffer irreparable

*Complaint   for Damages
And Injunctive Relief*

harm; (3) No public interest is served by defendants' continued infringement and distribution.

## PARTIES

2. Plaintiff Livingston is an individual who is a resident of Contra Costa County and the legal heir to the estate of Carl Perutz.

3. Defendant Keya Morgan aka Keyarash Mazari aka Keya Mazari is an individual who resides in the City of New York.

4. Defendant Keya Gallery is a business entity which is owned and/or controlled by Keya Morgan and has its principal office in New York City.

## JURISDICTION AND VENUE

5. This is a civil action seeking, *inter alia*, damages and injunctive relief for copyright infringement under the copyright law of the United States (17 U.S.C.§§101 et seq.) This Court has jurisdiction of this action under 17 U.S.C. 101 et seq. and 28 U.S.C. §§1338(a) and (b). The court has supplemental jurisdiction over the related claims and in that these claims are so related to the above federal claims that they form part of the same case or controversy. This Court has personal jurisdiction over defendants in that, the act of infringement that is the basis of this action occurred in this District as each defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute copyrighted work for which the Plaintiff has exclusive rights. In addition, each Defendant communicated through an Internet Service Provider found in Germany to acquire and/or facilitate distribution of copyrighted materials complained of herein which occurred in the State of New York and in this District. Venue

is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c).

## GENERAL ALLEGATIONS

6. Carl Perutz was the copyright holder of numerous photographic prints, negatives, and contact sheets depicting Marilyn Monroe, hereinafter "Monroe pictures", prior to his death on November 20, 1981. Each of the Monroe pictures are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on August 3, 2004.

7. At all relevant times, Plaintiff Pete Livingston is the heir of the estate of Carl Perutz, the holder of the copyrighted Monroe pictures.

8. On or about October 22, 2003, plaintiff Livingston learned that Defendant Keya Morgan claimed possession of a number of Monroe pictures. During the week of January 16, 2004, Keya Morgan contacted the Plaintiff and informed him that he obtained at auction 58 original Marilyn Monroe prints (some with Carl Perutz named stamped on the back) as well as negatives and contact sheets, referred to in this complaint as the "Monroe pictures". Defendant Morgan stated that he was interested in working out some kind of publishing and signing arrangement with the Plaintiff.

9. Plaintiff is informed and believes that Defendant Keya Morgan, without the consent and permission of Plaintiff, suborned infringement through the website www.marilyn-online.de, which in turn promoted the sale and distribution of these copyrighted photographs by Keya Gallery and Keya Morgan. These photographs were the property and the exclusive copyrighted work of Carl Perutz. Plaintiff registered his copyright on August 3, 2004, and the description in the registration of the Monroe pictures was based on what the Plaintiff had learned from Morgan and Butler and the

*Complaint for Damages And Injunctive Relief*    4

images in Plaintiff's possession. Plaintiff notified all of the Defendants of his copyright during that month. Although notified that the Plaintiff held the copyright to the Monroe pictures, these Defendants ignored him and continued to use the photographs for monetary purposes. Plaintiff further declares that the Monroe pictures belong to him and to no other party.

10. Additionally, based on information and belief, Livingston contends that defendants, individually and/or collectively, have intentionally and repeatedly violated Livingston's copyright of the Morgan Images.

11. On or about January 10, 2006, a private investigator received a package from Keya Morgan that included three reproductions (i.e., prints) of the Monroe photos that had been created by Carl Perutz and copyrighted by Pete Livingston. Receipt of these images was followed by a phone call to Keya Morgan by the investigator. During that conversation, Morgan said he was trying to sell the aforementioned Monroe prints for $4,200 each and that he had copyrighted the images so no one else could ever copy them.

12. Defendants are agents of one another, and have acted in concerted activity with one another in action that has resulted in damage to Plaintiff's property rights. Plaintiff has suffered and continues to suffer immediate and irreparable harm, including the loss of money and property, as a result of Defendants the violation of his copyrights.

### FIRST CAUSE OF ACTION
(Copyright Infringement against Defendants - all Defendants)

13. Plaintiff incorporates by reference herein the allegations set forth in Paragraph 1 through 10 above.

14. Plaintiff is informed and believes that Defendants Keya Morgan and Keya Gallery, without his permission and consent, have used, and continue to use, distribute and offer for distribution including by making them available for distribution and offer to potential customers on online media the copyrighted photographs described herein as the "Monroe Pictures". In doing so, Defendants Keya Morgan and Keya Gallery have violated Plaintiff's exclusive rights of reproduction and distribution. The acts of each of the Defendants constitute infringement of the plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. §101 et seq.)

   a. The Plaintiff learned for the first time on August 21, 2004 from Ron Butler about some press that Nova Wines was getting, based on a bottle of their Marilyn Merlot that featured a Monroe image that was derived from one of the "Monroe pictures", and the press story indicated that Carl Perutz was the photographer. On August 26, 2004 the Plaintiff learned from Donna Holder at Nova Wines that she had obtained a Marilyn image wearing an Easter bonnet that was one of the "Monroe pictures" from the website of Janina Gehn aka Nina Gehn and NTG/Xlink. Donna Holder told Plaintiff on that date that Nova Wines, Inc. knowingly took this image of Perutz' Monroe photographs from this website. Holder subsequently told Plaintiff in September, 2004 that Nova had created a derivative work from it with the assistance of an artist named Ortega, without having secured the rights to Perutz's photograph from the Plaintiff. Nova then proceeded to use this derivative work as the label for their 2002 Marilyn Merlot wine bottle, and have also used this image on their website and documents created for publicity purposes. On information and belief, Plaintiff believes that customary practice indicates that Nova would have also used this image in posters, other commercial artwork, and other

websites, to make money for themselves throughout the world.

  b. Plaintiff is informed and believes that Defendants Keya Morgan and Keya Gallery have been in wrongful possession of the Marilyn pictures since at least May, 2003, and refuse to return possession to Plaintiff. Plaintiff learned about these Defendants having possession of the Marilyn pictures during January 2004, when Keya Morgan contacted the Plaintiff and told him that he had 58 original Monroe prints that are stamped with the name "Carl Perutz" on the back. Plaintiff subsequently learned on August 26, 2004 that Morgan had placed his copyright on eighty-one Monroe pictures (some were cropped versions of the same image) posted on the German website. Plaintiff demanded that the copyright attribution to Morgan be removed from the website, and Nina Gehn complied with this request.

 15. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

 16. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled relief pursuant to 17 U.S.C. §504, and his attorneys' fees and costs pursuant to 17 U.S.C. §505.

 17. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright.

  WHEREFORE, Plaintiff prays for judgment against each Defendant as set forth below.

## SECOND CAUSE OF ACTION
(Conversion - Defendants Keya Morgan and Keya Gallery)

18. Plaintiff incorporates by reference paragraphs 1 through 15 as though set forth in full.

19. Plaintiff is the rightful heir to the estate of Carl Perutz with a full right to assert the exclusive copyright provided under the law.

20. Defendants Keya Morgan and Keya Gallery have been and continue to substantially interfere with Plaintiff's copyright interest in the Monroe pictures, which exclusively belonged to Carl Perutz and have passed to Plaintiff, a legal heir.

21. Even though Defendants were aware that Plaintiff has claimed that he has full copyright to the Monroe pictures, Defendants refuse and continue to refuse to honor the copyright.

22. In addition, Defendants Keya Morgan and Keya Gallery have been and continue to be possession of the Monroe pictures which exclusively belong to Carl Perutz and through his estate to Plaintiff, a legal heir.

23. Even though Defendant Morgan and Keya Gallery are aware that plaintiff challenged their ownership of the Monroe pictures, Defendants refuse and continue to refuse relinquishing ownership. Plaintiff asks this court for injunctive and declaratory relief to restore ownership of the Monroe pictures to him.

24. As a proximate result of the conduct of these Defendants, Plaintiff suffered and continues to suffer damages in the amount to be established at trial.

25. The aforementioned acts of these Defendants were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

Plaintiff demands a jury in this action against the Defendants.

WHEREFORE, plaintiff prays for judgment against the defendants as set forth below:

1. Issue a temporary retraining order, and a preliminary and permanent injunction, which orders defendants, their employees, agents and assigns from directly or indirectly infringing the plaintiff's right in the copyrighted Monroe pictures, including use of the Internet to reproduce or copy any of the photographs; for Keya Morgan and Keya Gallery to immediately relinquish the Monroe pictures to plaintiff, and to refrain from distribution of any of these photographic images, except pursuant to a lawful license or the express authorization;

2. Issue a preliminary and permanent injunction restoring ownership of the Monroe pictures to the plaintiff;

3. Declaratory relief as may be appropriate;

4. For actual and statutory damages according to proof pursuant to 17 U.S.C. §504, at the election of plaintiff;

5. For statutory damages against Keya Morgan: 27 statutory violations at $250,000 a violation.

6. For statutory damages against Keya Gallery: 27 statutory violations at $250,000 a violation.

7. For punitive damages against Keya Morgan of $6,750,000;

8. For punitive damages against Keya Gallery of $6,750,000;

9. For plaintiff's costs and attorneys' fees.

10. For such other and further relief as this Court may deem just and proper.

*Complaint for Damages And Injunctive Relief*       9

Dated: November 8, 2007.

*[signature]*

Steven Ward Williams
Bar Roll #SW1625
SMITH, SOVIK, KENDICK
& SUGNET, P.C.

WILLIAM M. SIMPICH
TESFAYE W. TSADIK
Attorneys for Plaintiff Pete Livingston