USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/08

RECEIVED
FEB 21 2008
CHAMBERS OF
RICHARD M. BERMAN
USDJ

Kenneth R. Silverman, Esq.
Attorney for Defendants Keya Morgan
and Keya Gallery
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082 - Phone and Fax

**MEMO ENDORSED**

p2

By Hand:

United States District Judge Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Pete Livingston v. Keya Morgan and Keya Gallery, Case
Number 07 CV 7835 (RMB) (KNF) - Letter requesting a Pre-Motion
Conference Pursuant To Individual Practice - 2 (A).

February 20, 2008

Dear Judge Berman:

Pursuant to your Honor's Individual Practices, I hereby request that a pre-motion conference be arranged. At present, it is desired by the Defendant to Move pursuant to FRCP 12 (1) and (6) to Dismiss Plaintiff's Complaint. As to Arguments regarding lack of subject matter jurisdiction, it is Defendant's position that Res Judicata forecloses the Court from hearing this matter, due to the "**Double Dismissal Rule**." The Plaintiff originally sued the Defendants in United States District Court, Northern District of California on identical allegations and claims, but failed to serve Defendants. Defendants did not appear in the action, although a Motion to Vacate an improperly entered default was granted at some point (No. C06-02389 MMC). Subsequent to that, on January 18, 2008 plaintiff filed a Notice of Dismissal without prejudice, and then later that day filed a second Notice of dismissal with prejudice. As plaintiff had never answered or appeared the notice's of dismissal were effective upon filing, pursuant to FRCP 41

(a) (1). Also, pursuant to the same rule, upon the filing of a second notice of dismissal, plaintiff activated the so-called double dismissal rule, which states that a second notice of dismissal filed by a plaintiff acts as an adjudication on the merits if it involves the same claim.

Since, the two dismissals involved the same claim, and since the claims and allegations in this case are virtually identical to the California Action, it is defendant's position that an adjudication on the merits has already occurred. It should be noted that there is ongoing motion practice in California regarding the Judge's amendment to the second order of dismissal, which defendant Morgan contends, through his California counsel, was improper. After filing the second notice of dismissal, Plaintiff made a motion to correct the second dismissal from with prejudice to without prejudice. The brief filed in California argues primarily that pursuant to Rule 41, the Court lacked jurisdiction to change the voluntary dismissal against Defendants Morgan and Keya Gallery, and that the motion by Plaintiff was untimely under FRCP 59 (e). That Motion is noticed for a March 14$^{thh}$ hearing.

Defendant also takes the position that most of plaintiff's Copyright claims are barred by the three (3) year statute of limitations for copyright infringement. Many of the allegations concern activity that occurred in 2002 (essentially Plaintiff is alleging that photographs were improperly placed on a German website, one of which was then used by Nova Wine to create a derivative work used on the label of a 2002 Wine called "Marilyn Merlot."). Clearly that alleged infringing activity occurred in 2002 or earlier, at least six (6) years ago. Plaintiff also alleges that in August of 2004 he learned of the photographs on the website being wrongly attributed to Morgan, and after demanding the attribution be changed, the website removed the attribution. Since this occurred more than three years before the commencement of this action, the Statute of Limitations bars relief.

Defendant also asserts that the Statute of Limitations bars relief on the conversion claim, CPLR 214 (3) sets a three (3) year time frame from the date the conversion occurred. Plaintiff alleges that Keya Morgan obtained the images in question at auction on October 22, 2003, some (4) years before the commencement of this action, and had been possessing them since May, 2003.

As to FRCP 12 (b) (6), Defendant will argue that as it is alleged that he was in possession of the photographs in 2003, he simply mathematically speaking could not have placed photographs on a German website that was then used for a derivative work by Nova wine in 2002. Defendant also intends to argue that most of Plaintiff's remaining allegations are merely conclusory or fail to create the plausibility for stating a claim that the Supreme Court now requires since Twombly.

Although not directly related to arguments in the prospective motion, it will be Defendant's position that he has nothing to do with the activities of Nova Wine or the German Website, which is merely a fan site where nothing is sold, nor has he ever done business with the plaintiff. Defendant also wishes me to point out that plaintiff has a history of "odd" lawsuits, including suing numerous major movie studios, where he writes "about little black aliens who killed 400,000,000 people" (United States District Court, District of Northern California, Case No. C02-05717). Additionally, defendant has informed me that private information such as his social security number were published on the internet by plaintiff, causing FBI involvement and a Court Order to remove the items, and that Plaintiff has tried to extort money from Defendant, causing defendant to file police reports.

Defendant looks forward to a pre-motion conference on this matter. I have been informed by Chambers that, as this conference is required before making a motion, Your Honor will stay

the deadline to file the Motion, to prevent defendant from being in default as per Your Honor's endorsement on February 7, 2008.

Yours Truly,

Kenneth R. Silverman
Attorney for Defendants

cc: Steven W. Williams
Attorney for Plaintiff

---

PL to respond with 2-3 pp letter double spaced by 2/26/08. (We usually expect to see copy of authorities cited in these letters).

SO ORDERED:
Date: 2/21/08    Richard M. Berman
Richard M. Berman, U.S.D.J.