# SMITH, SOVIK, KENDRICK & SUGNET

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

FACSIMILE: 315-474-6015

STEVEN WARD WILLIAMS
Voice Mail Extension 108
swilliams@smithsovik.com

315-474-2911
INTERNET www.smithsovik.com

JOHN TIMOTHY SMITH (1902-1964)
NELSON J. SMITH (1923-1967)
MARTIN F. KENDRICK (1917-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC G. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R. RYAN
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-27-08

February 26, 2008



RECEIVED FEB 27 2008 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

MEMO ENDORSED P4

**VIA Federal Express**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: **Pete Livingston v. Keya Morgan and Keya Gallery
Case No. 07-CV-7835 (RMB) (KNF)
Response to Defendants' Letter dated February 20, 2008 requesting a Pre-Motion Conference pursuant to Individual Practice, 2(A)**

Dear Judge Berman:

Pursuant to your Honor's Order dated February 21, 2008, I submit Plaintiff's response to Defendants' letter requesting a pre-motion conference regarding Defendants' intention to file a motion to dismiss Plaintiff's complaint.

This Court does not lack subject matter jurisdiction over Plaintiff's claims. Defendant misconstrues the facts of the voluntary dismissal in the case filed in the United States District Court for the Northern District of California. Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntarily dismiss a complaint against a defendant without order of the Court at any time before defendant answers the complaint. As Defendants never appeared in the California case or filed an answer, Plaintiff voluntarily dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) against these Defendants. Therefore, the

**ALFA**
AMERICAN LAW FIRM
ASSOCIATION

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

February 26, 2008
Page 2

voluntary dismissal against Defendants was effective at the moment the notice was filed and the Court thereafter lost jurisdiction over Defendants. See Thorp v. Scarne, 599 F.2d 1169, 1176 (2nd Cir. 1979); see also Commercial Space Management Co. v. Boeing Co., 193 F.3d 1074, 1076-77 (9th Cir. 1999). Indeed, as the Court of Appeals stated "there is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." Thorp, 599 F.2d at 1176. Therefore, because Defendants were no longer involved in the California case, Defendants could not be dismissed from the lawsuit a second time thereby invoking the "double dismissal rule" and adjudicating the case on the merits as to Defendants. Plaintiff filed a second notice of dismissal with prejudice as to all Defendants, but Plaintiff moved to correct that second dismissal to apply only to the other defendant in the California case, Nova Wines. This second dismissal with prejudice and Plaintiff's motion to correct the second dismissal to only relate to Nova Wines is currently before the California Court on motion.

Plaintiff's copyright infringement claim was timely filed. To the extent some of Plaintiff's claims accrued outside the three (3) year statute of limitations period, the doctrine of equitable tolling preserves those claims. Plaintiff initially filed a complaint against Defendants in the United States District Court for the Northern District of California on or about April 5, 2006 alleging the same causes of action alleged in his complaint filed in the Southern District of New York. Plaintiff made numerous attempts to serve Defendants with the California summons and complaint, but Defendants evaded service at every opportunity. It was not until Defendants moved to set aside a default judgment that they argued the case belonged in New York because that is where the allegations against Defendants took place. Thus, because Defendants

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

February 26, 2008
Page 3

repeatedly evaded service of the California complaint and never appeared in the action, Plaintiff did not learn that the proper forum for his claims against Defendants might be in New York until almost one (1) year after he filed his initial Complaint.

"The equitable tolling doctrine allows a district court to toll the statute of limitations when a plaintiff initially asserted his rights in the wrong forum." Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 655 (2nd Cir. 1998); Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2nd Cir. 1996). Plaintiff must show that he passed with reasonable diligence during the period he would like tolled. Polanco, 158 F.3d at 655. As discussed above, Plaintiff made several efforts to serve Defendants and to determine the proper address at which to serve Defendants, but to no avail. Thus, the statute of limitations period should be tolled preserving Plaintiff's copyright infringement and conversion claims falling outside the three (3) year period prior to the filing of his New York complaint.

Further, Defendants' Federal Rule of Civil Procedure 12(b)(6) claim is without merit. Plaintiff is not required to plead his case with heightened specificity. As discussed in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973-74 (2007), the Supreme Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Plaintiff's Complaint pleads facts sufficient to state a claim for copyright infringement and conversion. The facts as alleged show (1) Plaintiff owned the copyright to the photographs and Defendants copied Plaintiff's copyrighted work; and (2) Defendants converted Plaintiff's copyrighted materials for their own use.

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

February 26, 2008
Page 4

                                                       Sincerely,

                                                       Steven Ward Williams

/skl

CC:    Kenneth R. Silverman, Esq. (via Federal Express and Facsimile)
          Attorney for Defendants

> Conference on 3/11/08 @ 9:15 A.M.
>
> SO ORDERED:
> Date: 2/27/08   Richard M. Berman
> Richard M. Berman, U.S.D.J.