UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETE LIVINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>KEYA MORGAN aka KEYARASH MAZHARI aka KEYA MAZHARI, KEYA GALLERY, AND DOES 1-100<br><br>Defendants. | Case No. 07 CV 7835 (RMB) (KNF)<br><br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**(Jury Demand)** |

Plaintiff Pete Livingston alleges:

## NATURE OF ACTION

1. This is an action for copyright infringement and related state law claims arising from the willful misconduct of all defendants in this action. Defendants Keya Morgan and Keya Gallery claim to have in their possession fifty-eight (58) copyrighted photographs of Marilyn Monroe taken by Carl Perutz. Defendants have willfully and knowingly violated the copyright laws (17 U.S.C. §101 et seq.) by distributing and offering to distribute the Marilyn Monroe photographs. Defendants have also suborned infringement through the website www.marilyn-online.de, which promoted the sale and distribution of these copyrighted Marilyn Monroe photographs.

Plaintiff seeks in this action, among other things, immediate injunctive relief ordering Defendants to stop the infringement and distribution. The need for injunctive relief is critical: (1) Plaintiff will prevail on the merits of his copyright and other claims; (2) Without injunctive relief Plaintiff will continue to suffer irreparable harm; (3) No public interest is served by Defendants'

1

continued infringement and distribution of the Marilyn Monroe photographs.

## PARTIES

2. Plaintiff resides in Contra Costa County, California and is the legal heir to the Estate of Carl Perutz.

3. Defendant Keya Morgan aka Keyarásh Mazari aka Keya Mazari is an individual who resides in New York, New York.

4. Defendant Keya Gallery is a business entity which is owned and/or controlled by Keya Morgan and has its principal office in New York, New York.

## JURISDICTION AND VENUE

5. This is a civil action seeking, *inter alia*, damages and injunctive relief for copyright infringement under the copyright law of the United States (17 U.S.C. §§ 101 et seq.) This Court has jurisdiction over this action pursuant to 17 U.S.C. §§ 101 et seq. and 28 U.S.C. §§ 1338(a) and (b). The Court has supplemental jurisdiction over the related state law claims in that these claims are so related to the above federal claims that they form part of the same case or controversy. This Court has personal jurisdiction over defendants in that, the act of infringement that is the basis of this action occurred in this District as each defendant, without consent or permission of the Plaintiff distributed and offered to distribute copyrighted work for which the Plaintiff has exclusive rights. In addition, Defendant has communicated with one or more individuals who control a German website to facilitate distribution of copyrighted materials complained of herein from within the State of New York and in this District. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**STATEMENT OF FACTS**

6. Carl Perutz (hereinafter "Perutz") took numerous photographs of Marilyn Monroe prior to his death on November 20, 1981.  Perutz's photographs of Marilyn Monroe consisted of photographic prints, negatives and contact sheets (hereinafter "Monroe pictures").

7. Perutz was Plaintiff's father.  Plaintiff was and is the heir of the Estate of Carl Perutz.

8. On or about October 22, 2003, Plaintiff learned that Defendant Morgan claimed possession of a number of Monroe pictures.  During the week of January 16, 2004, Defendant Morgan contacted Plaintiff and informed him that he had obtained fifty-eight (58) original Marilyn Monroe prints (some with the name "Carl Perutz" stamped on the back), as well as, negatives and contact sheets at an auction.  Defendant Morgan stated that he was interested in working out some kind of publishing and signing arrangement with Plaintiff.

9. Upon information and belief, Defendant Morgan, without the consent and permission of Plaintiff, suborned infringement through the website, www.marilyn-online.de.  Janina Gehn aka Nina Gehn and NTG/Xlink created a website in Frankfurt, Germany (www.marilyn-online.de), which advertised the sale and distribution of the copyrighted Monroe pictures by Defendants Keya Gallery and Keya Morgan.

10. Plaintiff registered his copyright of the Monroe pictures on August 3, 2004.  Each of the Monroe pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on August 3, 2004.  Thus, the Monroe pictures belong to Plaintiff and to no other party.

11. Plaintiff notified Defendants during the week of January 16, 2004 that he owned the copyright to the Monroe pictures and he further informed Defendants that he had registered that

3

copyright and received a return receipt from the copyright office acknowledging registration receipt on August 2, 2004. Although notified that Plaintiff held the copyright to the Monroe pictures, Defendants ignored him and continued to use the Monroe pictures for monetary purposes.

12. Plaintiff subsequently learned on or about August 26, 2004 that Defendant Morgan had placed his copyright on eighty-one Monroe pictures (some were cropped versions of the same image) posted on the German website, www.marilyn-online.de. Plaintiff demanded that the copyright attribution to Defendant Morgan be removed from the website, and Nina Gehn complied with this request.

13. On or about January 10, 2006, a private investigator received a package from Defendant Morgan that included three reproductions (i.e., prints) of the Monroe pictures that had been created by Perutz and copyrighted by Plaintiff. After receiving the reproductions, the private investigator contacted Defendant Morgan. During their conversation, Defendant Morgan said he was trying to sell the aforementioned Monroe prints for $4,200 each and that he had copyrighted the images so no one else could ever copy them.

14. On or about November 12, 2006, a book titled, "Marilyn Monroe" by Janet Jackson was sold via Ebay. This book contained the copyrighted images of Marilyn Monroe taken by Carl Perutz. Further, the images contained in this book are identical to the images purchased by Defendants. Upon information and belief, Defendants provided the Monroe pictures contained in the book.

15. On or about December 17, 2007, another copy of the book titled, "Marilyn Monroe" by Janet Jackson was being sold on Ebay. Upon information and belief, Defendants provided the

Monroe pictures contained in the book.

## FIRST CAUSE OF ACTION
(Copyright Infringement against Defendants - all Defendants)

16. Plaintiff incorporates by reference herein the allegations set forth in Paragraphs 1 through 15 above.

17. Plaintiff is informed and believes that Defendants Keya Morgan and Keya Gallery, without his permission and consent, have used, and continue to use, distribute and offer for distribution, including by making them available for distribution to potential customers via online media, the copyrighted photographs described herein as the Monroe pictures. Defendants Keya Morgan and Keya Gallery have violated Plaintiff's exclusive rights of reproduction and distribution.   Defendants' actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.)

18. Defendants, individually and/or collectively, have intentionally and repeatedly violated Plaintiff's copyright of the Monroe pictures.

19. Defendants are agents of one another, and have acted in concerted activity with one another in an action that has resulted in damage to Plaintiff's property rights. Plaintiff has suffered and continues to suffer immediate and irreparable harm, including the loss of money and property, as a result of Defendants' violation of Plaintiff's copyrights.

20. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

21. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled relief pursuant to 17 U.S.C. § 504, and his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

22. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright.

## SECOND CAUSE OF ACTION
(Conversion - Defendants Keya Morgan and Keya Gallery)

23. Plaintiff incorporates by reference paragraphs 1 through 22 as though set forth in full.

24. Plaintiff is the rightful heir to the Estate of Carl Perutz with a full right to assert the exclusive copyright provided under the law.

25. Defendants Keya Morgan and Keya Gallery have been and continue to substantially interfere with Plaintiff's copyright interest in the Monroe pictures, which exclusively belonged to Carl Perutz and have passed to Plaintiff.

26. Even though Defendants were aware that Plaintiff has full copyright to the Monroe pictures, Defendants refuse and continue to refuse to honor the copyright.

27. In addition, Defendants Keya Morgan and Keya Gallery have been and continue to be in possession of the Monroe pictures. Defendants have, without authority, intentionally exercised control over the Monroe pictures and thereby interfered with Plaintiff's rights related to the Monroe pictures. As a result, Defendants have converted the Monroe pictures for their own use.

28. Even though Defendants Keya Morgan and Keya Gallery are aware that Plaintiff challenged their ownership of the Monroe pictures, Defendants refuse and continue to refuse to relinquish ownership. Plaintiff asks this Court for injunctive and declaratory relief to restore ownership of the Monroe pictures to him.

29. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in the amount to be established at trial.

30. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

Plaintiff demands a jury in this action against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

1. Issue a temporary retraining order, and a preliminary and permanent injunction, which orders Defendants, their employees, agents and assigns from directly or indirectly infringing Plaintiff's right in the copyrighted Monroe pictures, including use of the Internet to reproduce or copy any of the photographs; for Keya Morgan and Keya Gallery to immediately relinquish the Monroe pictures to Plaintiff, and to refrain from distribution of any of these photographic images, except pursuant to a lawful license or the express authorization;

2. Issue a preliminary and permanent injunction restoring ownership of the Monroe pictures to the plaintiff;

3. Declaratory relief as may be appropriate;

4. For actual and statutory damages according to proof pursuant to 17 U.S.C. §504, at the election of Plaintiff;

5. For statutory damages against Keya Morgan: 27 statutory violations at $250,000 a violation.

6. For statutory damages against Keya Gallery: 27 statutory violations at $250,000 a violation.

7. For punitive damages against Keya Morgan of $6,750,000;

8. For punitive damages against Keya Gallery of $6,750,000;

9. For plaintiff's costs and attorneys' fees.

10. For such other and further relief as this Court may deem just and proper.

Dated: March 18, 2008.

Steven Ward Williams
Bar Roll No. SW1625
Suzanne K. Lehman
Bar Roll No. SL5218
SMITH, SOVIK, KENDICK
& SUGNET, P.C.
250 S. Clinton Street
Syracuse, NY 13202
Telephone:  (315) 474-2911

WILLIAM M. SIMPICH, SBN #106672
1736 Franklin Street, Tenth Floor
Oakland, California  94612
Telephone: (510) 444-0226

TESFAYE W. TSADIK, SBN #108103
1736 Franklin Street, Tenth Floor
Oakland, California  94612
Telephone: (510) 839-3922

Attorneys for Plaintiff
PETE LIVINGSTON