Kenneth R. Silverman, Esq.
Attorney for Defendants Keya Morgan
And Keya Gallery
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082

———————————————X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————X

PETE LIVINGSTON,

    Plaintiff

v.

KEYA MORGAN AND KEYA
GALLERY,

    Defendants,
———————————————X

ELECTRONICALLY FILED

No. 07 CV 7835 (RMB) (KNF)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS KEYA MORGAN AND
KEYA GALLERY'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FRCP 12 (b) (1) AND 12 (b) (6)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................... 6

STATEMENT OF FACTS............................................................................ 8

ARGUMENT................................................................................................ 9

POINT I: THE COMPLAINT IS TIME-BARRED – 17 U.S.C. 507 (B)....................................................................................................... 9

POINT II: THE COMPLAINT FAILS TO SHOW SUBJECT MATTER JURISDICTION – FRCP 12 (B) (1)..................... 10

A.  Plaintiff's Misrepresentations to the Copyright Office Invalidate His Registration – 17 U.S.C. 411........................... 10

B.  The Court Has No Jurisdiction over the State Law Conversion Claim................................................................. 16

    1.  Preemption of State Law Claim Under the Copyright Act – 17 U.S.C. 301...................... 16

    The Court Does Not Have Diversity Jurisdiction Over the State Law Claim – 17 U.S.C. 1332............................. 18

POINT III:   DEFENDANTS ARE ENTITLED TO ATTORNEY'S FEES - 17 U.S.C. 505................................................................................. 19

CONCLUSION........................................................................................... 20

## TABLE OF AUTHORITIES

**Federal Cases**

Bell Atlantic v. Twombly, Slip. Opinion, No. 05-1126 (2007)............16

Cortect Indust's. Inc. v. Sum Holding L.P., 949 F.2d
42 (2d Cir. 1991)..................................................................11,13,19

EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000)....9,11

Kelly v. LL Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992)...................11

Kramer v. Time Warner, Inc. 937 F.2d 767, 773 (2d Cir. 1991)..........11,13,19

Morris v. Business Concepts, Inc. No. 99-CV-59 (RCC), 2000 U.S. Dist. Lexis 3835, 54
U.S.P.Q.2d (BNA) 1561 (S.D.N.Y. Mar. 28, 2000)...................... 11,13,14

Netzer v. Continuity Graphic Assoc's, Inc. 963 F. Supp.1308,
1315 (S.D.N.Y. 1997)................................................. 10,18

Price v. Fox Entertainment Group, Inc., 473 F. Supp.2d 446
(S.D.N.Y. 2007)...................................................... 10

Russ Berrie & Company v. Jerry Elsner, 482 F. Supp. 980, 1980 U.S. Dist. Lexis 9824,
205 U.S.P.Q. (BNA) 320 (S.D.N.Y.
1980).................................................................13,14,16

Salinger v. Random House, 811 F.2d 90, 95 (2d Cir. 1987)................17

Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002)
5 U.S.P.Q. (BNA) 320 (S.D.N.Y. 1980)........................................15

Torres--Negron v. J & N Records, LLC 504 F.3d 151, 84 U.S.P.Q.2d 1769 (United States
Court of Appeals, First Circuit 2007)........................................15

Universal Athletic Sales Co. v. Salkeld, 340 F. Supp. 899 (W.D.Pa.1972), *rev'd on other grounds*, 511 F.2d 904 (3d Cir. 1975)..............................................16

Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 456 (2d Cir. 1989).................................................................... 13,14,19

**New York State Cases**

Vigilant Ins. Co. of Am. v. Hous. Auth., 87 NY2d 36, 44 (1995)..............................................................................16

**Federal Rules**

FRCP 12 (b) (1).............................................................6,7,10,14,15,18

F RCP 12 (b) (6)............................................................. 6,10,15,16,18

17 U.S.C. 106.....................................................................................8,17

17 U.S.C. 202.....................................................................................8,17

17 U.S.C. 301 (a)..........................................................................7,16,18

17 U.S.C. 407 (1)................................................................................7,14

17 U.S.C. 408 (C)..............................................................................7,12,13

17 U.S.C. 410 (C)....................................................................................16

17 U.S.C. 411

(a)...................................................................,7,10,11,14,15

17 U.S.C. 412 (2).....................................................................................16

17 U.S.C. 505............................................................................................19

17 U.S.C. 507 (B)..................................................................................6,9,10

28 U.S.C. 1332.....................................................................................18,19

## PRELIMINARY STATEMENT

Defendants Keya Morgan and Keya Gallery submit this Memorandum of Points and Authorities in support of its Motion to Dismiss the Second Amended Complaint of Plaintiff Peter Livingston pursuant to Federal Rules of Civil Procedure ("FRCP") 12 (b) (1) and 12 (b) (6). Defendant's arguments with respect to this suit for Copyright Infringement and a state law claim for Conversion are straightforward. Firstly, it is clear from the allegations as pleaded that the Complaint is time-barred under 17 U.S.C. 507 (B). The statute of limitations for copyright infringement is three (3) years. Plaintiff alleges that he first asserted a claim for sole ownership of the copyright in fifty –eight (58) photographs of Marilyn Monroe (the "Monroe photographs") taken by his deceased father in January, 2004, and alleges he registered the copyright in August, 2004. Plaintiff further alleges that he learned of Defendants' assertion of copyright in August, 2004. As plaintiff commenced this suit on September 5, 2007, the statute of limitations on his claim for sole-ownership of the copyright had already run prior to his filing this lawsuit, and therefore the claim is time-barred.

Defendants also argue that the Court lacks Subject Matter Jurisdiction to hear Plaintiff's Claim. The first argument with respect to jurisdiction is that due to misrepresentations to the Copyright Office, Plaintiff's copyright registration in the Monroe photographs is invalid under 17 U.S.C. 411, and therefore the Court lacks Subject Matter Jurisdiction. Plaintiff alleges that each photograph is subject to a valid copyright registration. However, Plaintiff obtained one copyright registration for all of

6

the photographs, and the registration description indicates that he registered "Digital Contact Sheets." Plaintiff misrepresented to the copyright office that he was copyrighting the Monroe photographs as a group work. Section 408 (c) of the Copyright Act allows registration as a group work if the material was first published in a periodical. The Monroe photographs were not first published in a periodical, and are therefore not eligible to be registered as a group. Plaintiff's representation that the photographs could be registered as a group invalidates his registration.

Further, Plaintiff misrepresented the year of publication to the Copyright office. The registration information indicates a publication date of September 21, 1999. The photographs were actually first published in a book by the author Janet Jackson in 1972, and this misrepresentation also invalidates his copyright registration in the Monroe photographs. Plaintiff's third misrepresentation to the Copyright office concerned what was being deposited. The allegations as pleaded demonstrate that plaintiff did not have access to the Monroe photographs, and only registered the copyright after Defendants claimed possession. Without access to the photographs, Plaintiff could not have complied with the deposit requirement under the Copyright Act, which requires two complete copies of the best edition. Section 407 (1). A failure to meet the deposit requirement invalidates the copyright. Absent a valid copyright registration, the Court lacks Subject Matter Jurisdiction and must Dismiss the Complaint under FRCP (b) (1); 17 U.S.C. 411.

Additionally, the Court has no jurisdiction over the state law claim for conversion. This claim is preempted by the federal Copyright Act. 17 U.S.C. 301. In this claim, Plaintiff is merely alleging that his copyright in the Monroe photographs gives him legal title over the actual original photographs and negatives. Plaintiff misconstrues the nature

of copyright, as copyright interests pass separately from the physical object. 17 U.S.C. 202; 17 U.S.C. 106. Furthermore, apart from preemption, the Court has no Diversity Jurisdiction over the state law claim, as the amount in controversy is far less than $75,000. Plaintiff alleges that Defendant Keya Morgan informed the Plaintiff in January, 2004 that he had obtained the Monroe pictures, as well as negatives and contact sheets at auction. Defendant Keya Morgan's receipt from Swan Auction House shows that he purchased Contact Sheets only for $3,800, far less than the $75,000 amount in controversy needed for Diversity jurisdiction.

Lastly, defendants are entitled to reasonable costs and attorney's fees incurred in defending facially deficient claims based on a time-barred complaint, and a copyright registration procured by misrepresentation.

## STATEMENT OF FACTS

This action was commenced September 5, 2007. Plaintiff has since amended his Complaint twice (2), the Second Amended Complaint having been filed March 18, 2008, pursuant to Your Honor's deadline at a Pre-Motion Conference held March 11, 2008. In the Second Amended Complaint, Plaintiff alleges that he is the sole owner of the copyright to fifty-eight (58) photographs of Marilyn Monroe taken by his deceased father, Carl Perutz (paragraphs 6 and 7). It is also alleged that "On or about October 22, 2003, Defendant Morgan claimed possession of a number of Monroe pictures, and that the Defendant informed the Plaintiff during the week of January 16, 2004 that he had obtained fifty-eight (58) original Marilyn Monroe prints at auction (paragraph 8). Plaintiff alleges that he claimed sole ownership in the Monroe photographs during the

week of January 16, 2004 (paragraph 11), and registered a valid copyright in the individual photographs on August 3, 2004 (paragraph 10). Plaintiff alleges that Defendant Keya Morgan asserted copyright over the photographs on or about August 26, 2004 (paragraph 12).

Plaintiff also brings a state law claim for Conversion, which argues that his alleged copyright in the Monroe photographs gives him legal title to the physical objects (paragraphs 24-27).

Defendant argues in this Memorandum that 1) the Complaint is time-barred under the relevant Statute of Limitations, as the suit was commenced more than three (3) years after Plaintiff's claim for sole-ownership of the copyright accrued; 2) that the Court lacks Subject Matter Jurisdiction due to misrepresentations to the Copyright Office that invalidate Plaintiff's registration, Preemption of the State law claim for Conversion by the Copyright Act, and lack of Diversity Jurisdiction due to the amount in controversy being less than $75,000. Defendants also argue that they are entitled to costs and attorney's fees for having to defend facially deficient claims based on a registration procured by misrepresentation, and time-barred by the Statute of Limitations.

## ARGUMENT

### POINT I. The Complaint is Time-Barred – 17 U.S.C. 507 (b)

In a Motion to Dismiss, the Court assumes the facts as alleged to be true. EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000). Plaintiff's Complaint alleges sole ownership of the copyrights to fifty-eight (58) original Marilyn Monroe photographs allegedly taken by Plaintiff's father Carl Perutz (Paragraphs five and six).

According to the Complaint, on October 22, 2003 Plaintiff learned that Defendant Morgan claimed possession of a number of the Monroe pictures (paragraph 8). Plaintiff alleges that he first asserted sole ownership on January 16, 2004 (paragraph 11), and registered his copyright in the photographs on August 3, 2004 (paragraph 10). Plaintiff also alleges that he learned of Defendants' assertion of copyright on August 26, 2004 (paragraph 12).

The Copyright Act specifically delineates a three (3) year statute of limitations for bringing an action for copyright infringement. 17 USC 507 (b); Netzer v. Continuity Graphic Assoc's, Inc. 963 F. Supp.1308, 1315 (S.D.N.Y. 1997) Specifically, the Act states, " No Civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

Based on the allegations as pleaded, Plaintiff's claim for sole ownership of the copyright accrued on January 22, 2004, and certainly no later than August 26, 2004. This action was not commenced until September 5, 2007, and is therefore time-barred under the three-year statute of limitations. 17 USC 507 (b); Netzer v. Continiuty Graphic Assoc's, Inc. Id; Price v. Fox Entertainment Group, Inc., Id. As Plaintiff has failed to state a claim upon which relief can be granted with respect to Copyright Infringement, the Complaint should be dismissed pursuant to FRCP 12 (b) (6).

POINT II. The Complaint Fails To Show Subject Matter Jurisdiction – FRCP 12 (b) (1)

A. 17 U.S.C. 411 - Plaintiff's Misrepresentations To The Copyright Office Invalidate His Registration

In his Complaint, plaintiff alleges that he "registered his copyright of the Monroe Pictures on August 3, 2004. Each of the Monroe Pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on August 3, 2004…(Paragraph 10). For purposes of this Motion to Dismiss we must accept this allegation as true. EEOC v. Staten Island Sav. Bank, Id. Nevertheless, an examination of the actual copyright registration on file with the copyright office, and the relevant statute and case law, demonstrate that Plaintiff's copyright in the Monroe photographs is invalid due to misrepresentations made to the Copyright Office.

A properly pleaded complaint alleging copyright infringement must allege: 1) which specific original works form the subject of the copyright claim; 2) that Plaintiff owns the copyright in those works; 3) that the copyrights have been registered in accordance with the statute; and 4) by what acts and during what time the defendant infringed the copyright. Kelly v. LL Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Proper copyright registration is a condition precedent to subject matter jurisdiction over copyright infringement claims. 17 U.S.C. 411 (a); Morris v. Business Concepts, Inc. No. 99-CV-59 (RCC), 2000 U.S. Dist. Lexis 3835, 54 U.S.P.Q.2d (BNA) 1561 (S.D.N.Y. Mar. 28, 2000). Additionally, all documents attached to and referred to in the complaint and matters of judicial notice are properly before the Court. Cortect Indust's. Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991); Kramer v. Time Warner, Inc. 937 F.2d 767, 773 (2d Cir. 1991). As Plaintiff has referenced his copyright registration in his Complaint (paragraph 10), the Copyright search result, which reflects the copyright registration on file with the United States Copyright Office, is properly before the Court. (Attached to Declaration of Kenneth R. Silverman, Exhibit 1).

Plaintiff's first misrepresentation to the Copyright Office was that he was registering a group work, when in fact the individual photographs allegedly copyrighted do not qualify for

11

group registration, as discussed below. The actual copyright registration on file with the United States Copyright Office lists the following registration information:

| | |
|---|---|
| Type of Work: | Visual Material |
| Registration Number/Date | VA0001266038/2004-08-03 |
| Title: | Carl S. Perutz photos of Marilyn Monroe |
| Description: | Digital Contact Sheets |
| Copyright Claimant: | Pete Livingston |
| Date of Creation: | 1960 |
| Date of Publication: | 1999-09-21 |
| Authorship on Application: | Carl Perutz |

As the registration description indicates, Plaintiff registered <u>Digital Contact Sheets.</u> However, Plaintiff alleges in his Complaint that he copyrighted the individual Monroe photographs taken by his father (paragraph 10). If he did in fact register the individual photographs, as he alleges, then he did so by representing to the Copyright Office that he could register them all in one copyright registration as Digital Contact Sheets. Plaintiff misrepresented to the Copyright Office that the individual photographs were group works under 17 U.S.C. 408. The statutory requirements for copyright registration of group works are set forth in Subsection 408(c), which allows a single application for "group works by the same author" if:

> all first published as contributions to <u>periodicals,</u> <u>including newspapers, within a twelve-month period,</u> on the basis of a single deposit, application, and registration fee, under the following conditions:
>
> (A)   If the deposit consists of one <u>copy of the entire issue of the</u> <u>periodical,</u> or of the entire section in the case of a newspaper, in which each contribution was first published, and
>
> (B)   If the application identifies each work separately, <u>including</u> <u>the periodical</u> containing it and its date of first publication. 17 U.S.C. 408 (c) (2) (A) (B) (emphasis added)

12

17 U.S.C. 408 (c) allows registration of defined group works, specifically works first published as contributions to periodicals, including newspapers. In the case at bar, the photographs in question were first published in the Janet Jackson book "Marilyn Monroe." The year of publication for the Jackson book, which plaintiff alleges contains all his father's Marilyn Monroe photographs (see paragraphs fourteen (14) and fifteen (15) of the Complaint) was 1972. This is the date indicated on the Copyright notice of the book, which appears on the front page. As Plaintiff references the Janet Jackson book in paragraphs fourteen (14) and fifteen (15) of the Complaint, it is properly before the Court. Cortect Indust's. Inc. v. Sum Holding L.P., Id; Kramer v. Time Warner, Inc., Id. (Attached to Declaration of Kenneth R. Silverman, Exhibit 2).

The book by Janet Jackson, which plaintiff alleges contains the copyrighted images, is clearly not a periodical, or a newspaper. As this was the first publication of the photographs, they were not eligible to be registered as a group work under Section 408 (c) of the Copyright Act. Plaintiff's misrepresentation to the Copyright Office that he was registering the individual photographs in one registration as a group work invalidates the copyright registration in these works. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 456 (2d Cir. 1989); Russ Berrie & Company v. Jerry Elsner, 482 F. Supp. 980, 1980 U.S. Dist. Lexis 9824, 205 U.S.P.Q. (BNA) 320 (S.D.N.Y. 1980); Cf. Morris v. Business Concepts, Inc., No.99-cv-(RCC), 2000 U.S. Dist. Lexis 3835, 54 U.S.P.Q.2d (BNA) 1561 (S.D.N.Y. Mar.28, 2000) (holding individual author had no valid registration to discrete work in registered compilation absent individual registration of each article.) Absent valid registration of the photographs, the Court lacks subject

matter jurisdiction over plaintiff's claim for copyright infringement, and the claim must be dismissed. FRCP 12 (b) (1); 17 U.S.C. 411. (a).

Plaintiff's Second Misrepresentation to the Copyright Office was that the year of publication for the allegedly copyrighted Monroe pictures was 1999. As discussed above, the copyright notice for the Janet Jackson book indicates the year of publication as 1972. However, Plaintiff's Copyright Registration information demonstrates that he represented to the Copyright Office that the photographs were published in 1999. This misrepresentation in itself invalidates the copyright registration. <u>Whimsicality, Inc. v. Rubie's Costume Co., Inc,</u> Id; <u>Russ Berrie & Company v. Jerry Elsner, Id; Morris v. Business Concepts, Inc.</u>, Id. Absent valid registration of the photographs, the Court lacks subject matter jurisdiction over plaintiff's claim for copyright infringement, and the claim must be dismissed. FRCP 12 (b) (1); 17 U.S.C. 411. (a).

Plaintiff's third misrepresentation to the Copyright Office concerned what was being deposited pursuant to the copyright registration. Taking as true what is being alleged in the Complaint, there is nothing asserted which would indicate Plaintiff ever had access to the original photographs which he alleges he registered with the Copyright Office. The allegations indicate Defendant Morgan claimed possession of the photographs in October, 2003 (paragraph 8), and that the Plaintiff asserted sole ownership in January, 2004 and obtained a copyright registration in August, 2004 (paragraph 10 and 11). Plaintiff does not allege that he ever possessed the photographs. This lack of access would have made it impossible for the plaintiff to comply with the Copyright Act's deposit requirement, which requires two complete copies of the best edition. 17 U.S.C. 407 (1). As he alleges he obtained a valid copyright registration for all

of the individual photographs, this could only have been possible if Plaintiff had misrepresented what he was depositing.

A failure to meet the deposit requirement under the Copyright Act invalidates the registration. See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 84 U.S.P.Q.2d 1769 (United States Court of Appeals, First Circuit 2007) (Holding registration invalid where holder did not have access to original recording and registered reproduced song.) The depositing of something other than copies of the individual Monroe photographs casts a fatal blow to the plaintiff's claim of valid copyright registration. Torres at 158, quoting Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002) ("The submission of something other than a "copy" to satisfy the deposit requirement cannot be classified as an "immaterial" mistake because the failure to submit a valid copy would affect the Copyright Office's issuance of a certificate.) As the Plaintiff misrepresented to the Copyright Office what was being deposited in connection with his copyright registration, the copyright registration is invalid, and therefore the Court lacks subject matter jurisdiction. 17 U.S.C. 411; FRCP 12 (b) (1).

Additionally, it must be noted that the new allegations in paragraph fourteen (14) and fifteen (15) of the Second Amended Complaint are facially implausible, and fail to state a claim under FRCP 12 (b) (6). The allegation in these paragraphs is that the defendants provided the copyrighted photographs that were included in the Janet Jackson book. These allegations cannot possibly be true, as Defendant Keya Morgan was not yet born at the time of the book's publication in 1972. Keya Morgan's Declaration states that he was born after the publication of the book (Declaration of Keya Morgan, Paragraph 3). Plaintiff's allegations do not raise a reasonable expectation that discovery will reveal

15

evidence that the defendants engaged in the copyright violations alleged in these paragraphs. <u>Bell Atlantic v. Twombly</u>, Slip. Opinion, No. 05-1126 (2007). Absent access to the alleged copyrighted material, the defendants simply could not have done what was alleged. <u>Universal Athletic Sales Co. v. Salkeld</u>, 340 F. Supp. 899 (W.D.Pa.1972), *rev'd on other grounds*, 511 F.2d 904 (3d Cir. 1975), <u>Russ Berrie & Company, Inc. v. Jerry Elsner Co., Inc.</u>, 482 F. Supp. 980, 987 (S.D.N.Y. 1980); 1980 U.S. Dist. Lexis 9824, 205 U.S.P.Q. (BNA) 320. As Plaintiff has not made a prima facie showing that defendants had access to the photographs at a time that would have made it possible to provide them to whoever published the book by the author Janet Jackson in 1972, the Court should dismiss Plaintiff's cause of action for Copyright Infringement and the Complaint in its entirety. FRCP 12 (b) (6).

Defendants further note that the copyright registration of August 3, 2004 is more than five (5) years past the date of first publication, and therefore not prima facie evidence of the copyright and the facts stated in the certificate. 17 U.S.C. 410 (c). It must also be pointed out that Plaintiff is not eligible for statutory damages or attorney's fees, due to the fact that registration did not occur within three (3) months of the first publication of the work(s). 17 USC 412 (2).

B. <u>The Court Has No Jurisdiction Over the State Law Conversion Claim</u>

1. <u>Preemption of State Law Claim Under the Copyright Act - 17 U.S.C. 301</u>

Plaintiff's Second Cause of Action for Conversion is preempted by the United States Copyright Act, Section 301 (a). Specifically, the statute states:

> (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [17 USCS Sect. 106] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 [17 USCS Sects. 102 and 103], whether created before or after that date and whether published or unpublished, are governed exclusively by this title [17 USCS Sects. 101 et seq.]. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Plaintiff, in his conversion claim alleges that he is the "rightful heir to the Estate of Carl Perutz with a full right to assert the exclusive copyright provided under the law (paragraph 24); that "Defendants have been and continue to substantially interfere with plaintiff's copyright interest in the Monroe pictures" (paragraph 25); and that " Even though the defendants were aware that the Plaintiff has full copyright to the Monroe pictures, Defendants refuse and continue to refuse to honor the copyright (paragraph 26). The Plaintiff then alleges that "In addition, Defendants Keya Morgan and Keya Gallery have been and continue to be in possession of the Monroe pictures. Defendants have, without authority, intentionally exercised control over the Monroe pictures and thereby interfered with Plaintiff's rights related to the Monroe pictures. As a result, Defendants have converted the Monroe pictures for their own use" (Paragraph 27).

Plaintiff appears to be putting forth the legal theory that as the alleged rightful copyright owner to the "Monroe pictures", he also obtains legal title to the actual Monroe photographs the defendants purchased at auction in 2003 (Paragraph 8). Plaintiff has fundamentally misconceived the nature of his alleged rights to his father's intellectual property, as copyright interests pass separately from the right to the physical object. 17 U.S.C. 202; 17 U.S.C. 106. Plaintiff has not alleged that the defendants' acquisition of the Monroe photographs at auction was wrongful. (See Salinger v. Random House, 811 F.2d 90, 95 (2d Cir. 1987), where the Court holds that that the

owner of letters has the rights to the physical letters and access to them and the author of the letters owns the copyright therein.)

It is clear that plaintiff's state law claim for Conversion merely seeks to use the Plaintiff's alleged Copyright ownership as a means to assert title and possession of the actual photographs. As such, Plaintiff's state law claim for Conversion is preempted by the Copyright Act. The Copyright Act preempts a state cause of action if the subject matter of the state law falls within the subject matter of federal copyright law and the state law rights are equivalent to the rights federal copyright protects. Netzer v. Continuity Graphic Associates, Inc., 963 F.Supp. 1308, 1321 (S.D.N.Y. 1997). As the State law claim for Conversion is preempted by the United States Copyright Act, it is proper for the Court to dismiss Plaintiff's Complaint on that basis. 17 U.S.C. 301, FRCP 12 (b) (1), FRCP 12 (b) (6).

It must also be pointed out that the Plaintiff has failed to state a claim for Conversion under New York State Law. Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. Vigilant Ins. Co. of Am. v. Hous. Auth., 87 NY2d 36, 44 (1995). Plaintiff has not alleged ownership in the physical pictures, nor has he alleged that Defendants purchase of the photographs at auction was wrongful.

### 2. The Court Does Not Have Diversity Jurisdiction Over the State Law Claim- 28 U.S.C. 1332

Apart from the state conversion claim being preempted by the United States Copyright Act, the claim as alleged does not meet the Diversity Jurisdiction requirements under 28 U.S.C. 1332. The Second Amended Complaint seeks actual and statutory damages under the Copyright Act. As to the amount in controversy for the conversion claim, the complaint is silent. However, this amount can easily be established, due to the fact that the Defendants are in possession of the receipt

18

from Swan Auction House, which shows the amount paid for the Contact Sheets. All documents attached to and referred to in the complaint and matters of judicial notice are properly before the Court. Cortect Indust's. Inc. v. Sum Holding L.P., supra; Kramer v. Time Warner, Inc., supra. Therefore, the inclusion of the receipt from Swan Auction house is proper for consideration on this motion to dismiss. (Attached to Declaration of Keya Morgan, Exhibit 1).

The receipt indicates that on May 15, 2003, the Defendants purchased Contact Sheets only, not photographs or negatives. The receipt establishes that the cost of the Contact Sheets was $3,800.00. Diversity jurisdiction requires an amount in controversy of $75,000. 28 U.S.C. 1332. It must be assumed that the auction at Swan provides the most accurate assessment of the fair market value of the digital contact sheets. Since the contact sheets the Defendants purchased fall far short of the $75,000 amount in controversy required for Diversity jurisdiction, the state claim for Conversion must be dismissed.

### POINT III. 17 U.S.C. 505 Defendants Are Entitled To Attorney's Fees

Pursuant to 17 U.S.C. 505, the Court may award either party's attorneys' fees. The Defendants are entitled to such an award for reasonable costs and fees incurred in defending facially deficient claims. A Defendant should be awarded attorney's fees where plaintiff's claims are objectively without merit, or based on bad faith. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 457 (2d Circuit, 1989). As outlined in this brief, defendants are entitled to such an award for having to defend facially deficient claims based on a registration procured by misrepresentation, causes of action that were clearly time-barred under the statute of limitations, and implausible due to lack of access by the defendants to the allegedly copyrighted photographs and negatives. 17 U.S.C. 505.

## CONCLUSION

For all of the foregoing arguments, Defendants move this Court to Dismiss Plaintiff's Complaint in its entirety, award reasonable costs and attorney's fees, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: S/ _____
Kenneth R. Silverman
Attorney for Defendants
Keya Morgan and Keya Gallery