UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

PETE LIVINGSTON,

        Plaintiff,

v.

KEYA MORGAN aka KEYARASH
MAZHARI aka KEYA MAZHARI,
KEYA GALLERY, AND DOES 1-100

        Defendants.

_____

Case No. 07-CV-7835 (RMB) (KNF)

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

Dated: April 23, 2008.

Smith, Sovik, Kendrick & Sugnet, P.C.
Steven Ward Williams
Bar Roll No. SW1625
Suzanne K. Lehman
Bar Roll No. SL5218
SMITH, SOVIK, KENDICK
& SUGNET, P.C.
250 S. Clinton Street
Syracuse, NY 13202
Telephone: (315) 474-2911

WILLIAM M. SIMPICH, SBN #106672
TESFAYE W. TSADIK, SBN #108103
1736 Franklin Street, Tenth Floor
Oakland, California 94612
Telephone: (510) 444-0226

Attorneys for Plaintiff
PETE LIVINGSTON

# TABLE OF CONTENTS

Table of Authorities...................................................................................ii

I.      Introduction......................................................................................1

II.     Statement of Facts............................................................................2

III.    Argument and Citation of Authority...............................................4

        A.    Standard of Review...................................................................4

        B.    Defendants' "Motion to Dismiss" is Essentially a Premature Motion
              for Summary Judgment.........................................................5

        C.    Plaintiff's Complaint is not Time-Barred.....................................5

        D.    The Court has subject matter jurisdiction over
              Plaintiff's Complaint...............................................................7

        E.    Plaintiff states a plausible claim for copyright infringement
              regarding the Monroe pictures contained in the
              Marilyn Monroe book by Janet Jackson.....................................12

        F.    The Court has jurisdiction over Plaintiff's State law claim............13

              1.   Plaintiff's conversion claim is not preempted by the
                   Copyright Act.................................................................13

              2.   The Court has supplemental jurisdiction over Plaintiff's
                   conversion claim.............................................................15

        G.    Defendants are not entitled to attorney's fees.............................15

IV.     Conclusion....................................................................................16

## **TABLE OF AUTHORITIES**

*Cases*

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2nd Cir. 2006) ..................... 14

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) .............................................. 4, 14

Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2nd Cir. 2004) ....................... 14, 15

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ............................................................... 5

D'Jamoos v. Griffith, 368 F. Supp. 2d 200, 203 (E.D.N.Y. 2005) ................................................. 5

De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2nd Cir. 1996) ......................................... 4, 12

Eckes v. Card Prices Update, 736 F.2d 859, 861 (2nd Cir. 1984) ................................................. 10

Harper & Row Publishers, Inc. v. Nation Enterprises, 723 F.2d 195, 200 (2nd Cir. 1983) ......... 14

Heneghan v. Cap-A-Radiator Shops, 506 N.Y.S.2d 132, 134 (N.Y. App. Div. 1986)) ............... 16

Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2nd Cir. 1996) ................................................................. 7

Kregos v. The Associated Press, 795 F. Supp. 1325, 1330 (S.D.N.Y. 1992) ............................... 6, 9

Lennon v. Seaman, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000)) ........................................... 10, 13

Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.,
    2007 WL 1489806, *2 (S.D.N.Y. May 21, 2007 ........................................................... 4

Natural Resources Media & Technology Group, LLC v. Snoop Youth Football,
    2008 WL 728650, *2 (S.D.N.Y. March 14, 2008) ............................................... 4, 12

Ofori-Tenkorang v. American Int'l Group, Inc., 460 F.3d 296, 298 (2nd Cir. 2006) ................... 4

Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 655 (2nd Cir. 1998) .......................... 7

Price v. Fox Entertainment Group, Inc., 473 F. Supp. 2d 446, 457 (S.D.N.Y. 2007) ................. 15

Russ Berrie & Company, Inc. v. Jerry Elsner Co., Inc.,
    482 F. Supp. 980, 984 (S.D.N.Y. 1980) ........................................................... 10, 11

Seanto Exports v. United Arab Agencies, 137 F. Supp. 2d 445, 451 (S.D.N.Y. 2001) ............... 16

Shady Records, Inc. v. Source Enterprises, Inc.,
    2005 WL 14920, *8 (S.D.N.Y. Jan. 3, 2005) ...................................................... 8, 9, 10, 11, 13

Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp., 354 F.3d 112, 115 (2nd Cir. 2003)................... 8

Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452,
    455 (2nd Cir. 1989)................................................................................................... 9, 10, 11, 17

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PETE LIVINGSTON,

       Plaintiff,

v.

KEYA MORGAN aka KEYARASH
MAZHARI aka KEYA MAZHARI,
KEYA GALLERY, AND DOES 1-100

       Defendants.

---

Case No. 07-CV-7835 (RMB) (KNF)

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

---

     Plaintiff Pete Livingston through his attorneys, Smith, Sovik, Kendrick & Sugnet, P.C.

files his Response in Opposition to Defendants' Motion to Dismiss. As detailed below,

Defendants' Motion to Dismiss is lacking in legal and factual merit and should be denied.

## I.   <u>Introduction</u>

     Plaintiff Pete Livingston (hereinafter "Plaintiff") filed his Complaint against Defendants,

Keya Morgan a/k/a Keyarash Mazhari a/k/a Keya Mazhari and Keya Gallery (hereinafter

"Defendants") on September 5, 2007. Plaintiff filed an Amended Complaint on November 28,

2007. Plaintiff made numerous attempts to serve Defendants with the Summons and Complaint,

but defendant Morgan ultimately contacted plaintiff's attorney and argued that he had not been

properly served. Plaintiff's counsel therefore served Defendants during a status conference held

on January 22, 2008. The parties attended a subsequent conference with the Court on March 11,

2008, wherein Plaintiff was granted permission to file a Second Amended Complaint if he so

desired. Plaintiff filed his Second Amended Complaint on March 18, 2008. On April 9, 2008,

Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil

Procedure, Rule 12(b)(1) and 12(b)(6).

## II.    Statement of Facts

Plaintiff's father, Carl Perutz (hereinafter "Perutz"), took numerous photographs of Marilyn Monroe prior to his death on November 20, 1981. (Second Amended Complaint ¶¶ 6-7). Perutz's photographs of Marilyn Monroe consisted of photographic prints, negatives and contact sheets (hereinafter "Monroe pictures"). (Second Amended Complaint ¶ 6). Plaintiff is the sole heir of the Estate of Perutz. (Second Amended Complaint, ¶ 7).

On or about October 22, 2003, Plaintiff learned that Defendant Morgan claimed possession of a number of Monroe pictures. (Second Amended Complaint, ¶ 8). During the week of January 16, 2004, Defendant Morgan contacted Plaintiff and informed him that he had obtained fifty-eight (58) original Marilyn Monroe prints (some with the name "Carl Perutz" stamped on the back), as well as, negatives and contact sheets at an auction. (Second Amended Complaint, ¶ 8). Defendant Morgan stated that he was interested in working out some kind of publishing and signing arrangement with Plaintiff. (Second Amended Complaint, ¶ 8).

Plaintiff registered his copyright of the Monroe pictures on August 3, 2004. (Second Amended Complaint, ¶ 10). Each of the Monroe pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on August 3, 2004. (Second Amended Complaint, ¶ 10). Thus, the Monroe pictures belong to Plaintiff and to no other party. (Second Amended Complaint, ¶ 10).

Plaintiff subsequently learned on or about August 26, 2004, that Defendant Morgan had placed his copyright on eighty-one Monroe pictures (some were cropped versions of the same image) posted on a German website, www.marilyn-online.de. (Second Amended Complaint, ¶ 12). Janina Gehn, a/k/a Nina Gehn, and NTG/Xlink created a website in Frankfurt, Germany (www.marilyn-online.de), which advertised the sale and distribution of the copyrighted Monroe

2

pictures by Defendants Keya Gallery and Keya Morgan. (Second Amended Complaint, ¶ 9). Defendants, without the consent and permission of Plaintiff, suborned infringement through this German website. (Second Amended Complaint, ¶ 9). Plaintiff demanded that the copyright attribution to Defendant Morgan be removed from the website, and Nina Gehn complied with this request. (Second Amended Complaint, ¶ 12).

Plaintiff notified Defendants during the week of January 16, 2004, that he owned the copyright to the Monroe pictures. (Second Amended Complaint, ¶ 11). Plaintiff further informed Defendants that he had registered that copyright and received a return receipt from the copyright office acknowledging the registration on August 3, 2004. (Second Amended Complaint, ¶ 11). Although notified that Plaintiff held the copyright to the Monroe pictures, Defendants ignored him and continued to use the Monroe pictures for monetary purposes. (Second Amended Complaint, ¶ 11).

On or about January 10, 2006, a private investigator received a package from Defendant Morgan that included three reproductions (i.e., prints) of the Monroe pictures that had been created by Perutz and copyrighted by Plaintiff. (Second Amended Complaint, ¶ 13). After receiving the reproductions, the private investigator contacted Defendant Morgan. (Second Amended Complaint, ¶ 13). During their conversation, Defendant Morgan said he was trying to sell the aforementioned Monroe prints for $4,200 each and that he had copyrighted the images so no one else could ever copy them. (Second Amended Complaint, ¶ 13).

On or about November 12, 2006, a book titled, "Marilyn Monroe" by Janet Jackson was sold via eBay. (Second Amended Complaint, ¶ 14). This book contained the copyrighted images of Marilyn Monroe taken by Carl Perutz. (Second Amended Complaint, ¶ 14). Further, the images contained in this book are identical to the images purchased by Defendants. (Second

Amended Complaint, ¶ 14). On or about December 17, 2007, another copy of the book titled, "Marilyn Monroe" by Janet Jackson was being sold on eBay. (Second Amended Complaint, ¶ 15). Defendants provided the Monroe pictures contained in the book. (Second Amended Complaint, ¶¶ 14-15).

## III.    **Argument and Citation of Authority**

### A.    **Standard of Review.**

In reviewing Defendants' Motion to Dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." Natural Resources Media & Technology Group, LLC v. Snoop Youth Football, 2008 WL 728650, *2 (S.D.N.Y. March 14, 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)); De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2nd Cir. 1996). Moreover, the Court "must draw all reasonable inferences in plaintiff's favor." Natural Resources Media & Technology Group, LLC, 2008 WL 728650, *2 (citing Ofori-Tenkorang v. American Int'l Group, Inc., 460 F.3d 296, 298 (2nd Cir. 2006)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A., 2007 WL 1489806, *2 (S.D.N.Y. May 21, 2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Further, "motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are reviewed under the same standards as motions to dismiss for failure to state a claim under Rule 12(b)(6)." D'Jamoos v. Griffith, 368 F. Supp. 2d 200, 203 (E.D.N.Y. 2005).

**B.    Defendants' "Motion to Dismiss" is Essentially a Premature Motion for Summary Judgment.**

Defendants' Motion to Dismiss presents matters and evidence outside the pleadings; therefore, Defendants' Motion to Dismiss should be treated as a motion for summary judgment. F.R.Civ.P. 12(b). As such, the court should defer its ruling until such time as motions for summary judgment are contemplated under Local Civil Rule 56.1. Further, because discovery has not yet been completed, Plaintiff should be allowed to complete discovery before Defendants' motion is decided.

Although Defendants attach exhibits to their motion, which is improper regarding a motion to dismiss, plaintiff responds to the motion (out of an abundance of caution) as if it were properly made. As such, however, Plaintiff respectfully requests the Court disregard documents submitted by Defendants that are outside the pleadings.

**C.    Plaintiff's Complaint is not Time-Barred.**

Plaintiff's copyright infringement claim was timely filed. Defendants argue Plaintiff's Complaint should be dismissed in its entirety because Plaintiff's claim of sole ownership of the copyrighted Marilyn Monroe photographs accrued either on January 22, 2004, or at the latest on August 26, 2004; two dates outside the three (3) year statute of limitations period. (Defendants' Motion, pp. 8-9). Defendants, however, in their haste to dismiss Plaintiff's Second Amended Complaint, have ignored three (3) separate incidents of copyright infringement that occurred within the three (3) years immediately preceding the filing of the original complaint on September 5, 2007. (Second Amended Complaint, ¶¶ 13-15). Therefore, these three (3) allegations accrued within the three (3) year statute of limitations period and are not time-barred. Because Plaintiff has plausibly pled incidents of copyright infringement within the requisite statutory timeframe, Plaintiff's Second Amended Complaint cannot be dismissed.

To the extent some of Plaintiff's claims accrued outside the three (3) year statute of limitations period, the doctrine of equitable tolling preserves those claims. "The copyright infringement statue of limitations may be equitably tolled if justified under the circumstances." Kregos v. The Associated Press, 795 F. Supp. 1325, 1330 (S.D.N.Y. 1992). Moreover, "a decision whether to equitably toll a statute of limitations is left to the sound discretion of the district court." Kregos v. The Associated Press, 3 F.3d 656, 661 (2nd Cir. 1993).

Plaintiff initially filed a complaint against Defendants in the United States District Court for the Northern District of California on or about April 5, 2006,[1] alleging the same causes of action alleged in the complaint he filed in the Southern District of New York. Plaintiff made at least eight attempts to serve Defendants with the California summons and complaint, but Defendants evaded service at every opportunity (see Affidavits of Service, which are attached as Exhibit "A"). Plaintiff ultimately obtained a default judgment against the Defendants. Defendants subsequently appeared for the first time, and in so doing, moved to vacate the default judgment. In support of that motion, defendants argued the case belonged in New York because that is where the allegations against Defendants took place. Thus, because Defendants repeatedly evaded service of the California complaint and never appeared in the action, Plaintiff did not learn that the proper forum for his claims against Defendants might be in New York until almost one (1) year after he filed his initial Complaint.

"The equitable tolling doctrine allows a district court to toll the statute of limitations when a plaintiff initially asserted his rights in the wrong forum." Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 655 (2nd Cir. 1998); Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2nd Cir. 1996). Plaintiff must show that he passed with reasonable diligence during the period

---

[1]     Pete Livingston v. Keya Morgan a/k/a Keyarash Mazhari a/k/a Keya Mazhari, Keya Gallery, Nova Wines, Inc., Civil Action No. C-06-2389 (MMC).

he would like tolled. Polanco, 158 F.3d at 655. As discussed above, Plaintiff made at least eight attempts to serve Defendants in the California action and to determine the proper address at which to serve Defendants, but to no avail. The statute of limitations period should therefore be tolled from April 5, 2006 (when Plaintiff filed his Complaint in California) until February 14, 2007 (when Defendants filed their Motion to Set Aside Default Judgment and arguably put Plaintiff on notice that the California Court lacked personal jurisdiction over Defendants).[2] Thus, Plaintiff's copyright infringement and conversion claims falling outside the three (3) year period prior to the filing of his New York complaint on September 5, 2007, would be preserved for the time period the statute of limitations was tolled.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff's claims are time-barred should be denied.

**D.    The Court has subject matter jurisdiction over Plaintiff's Complaint.**

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff's copyright in the Monroe pictures is invalid due to misrepresentations he made to the Copyright Office. (Defendants' Motion, pp. 9-14). Defendants appear to base their argument on information gathered during an online search of copyright records on the U.S. Copyright Office website, www.copyright.gov, and not from the actual certificate of registration issued by the U.S. Register of Copyrights to Plaintiff. (Defendants' Motion, p. 11).

On August 3, 2004, Plaintiff registered his copyright of the Monroe pictures and received a valid Certificate of Registration issued by the U.S. Register of Copyrights. (Second Amended Complaint, ¶ 10, and attached as Exhibit "B" is plaintiff's Certificate of Registration).

---

[2]    The tolling period from April 5, 2006 until February 14, 2007 is approximately ten (10) months and ten (10) days.

Registration of a copyright claim is a prerequisite to instituting a copyright infringement action. Shady Records, Inc. v. Source Enterprises, Inc., 2005 WL 14920, *8 (S.D.N.Y. Jan. 3, 2005); Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp., 354 F.3d 112, 115 (2nd Cir. 2003) (registration requirement is jurisdictional); 17 U.S.C. § 411(a).   The validity of Plaintiff's registration certificate, however, is irrelevant to the determination of whether the Court has subject matter jurisdiction over Plaintiff's copyright infringement claim.  See Shady Records, Inc. v. Source Enterprises, Inc., 2005 WL 14920, *8.  As the Court stated in Shady Records, Inc., requiring a court to determine the validity of a copyright registration prior to the court's exercise of jurisdiction runs counter to the statute, which "permits even rejected registration applications to confer standing to sue." Id. at *8; 17 U.S.C. § 411(a); see also Kregos v. The Associated Press, 795 F. Supp. at 1331 ("receipt of an actual Certificate of Registration or denial of same is a jurisdictional requirement"). "If mere submission or even rejection of an application is sufficient to confer standing to sue, then the Court clearly has jurisdiction [ ] where applications have been accepted and copyright registrations issued." Shady Records, Inc., 2005 WL 14920, *8. Thus, Plaintiff's registration of his copyright of the Monroe pictures and subsequent receipt of a Certificate of Registration, facts which the Court must accept as true, are sufficient to confer subject matter jurisdiction over Plaintiff's claims.

Questions concerning the validity of a copyright registration are more appropriately decided in the context of whether a plaintiff has established a cause of action for copyright infringement than as a jurisdictional issue. Shady Records, Inc., 2005 WL 14920, *8 FN 7. Therefore, any discussion regarding the validity of Plaintiff's copyright is best left to a motion for summary judgment filed after the parties have had an opportunity to conduct discovery

regarding the claims and defenses in this matter. Nevertheless, Plaintiff will address the validity of his copyright registration.

To establish a claim for copyright infringement, a plaintiff bears the burden of proving (1) "ownership of a valid copyright; and (2) copying by the alleged infringer." Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 455 (2nd Cir. 1989). "Possession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." Whimsicality, Inc., 891 F.2d at 455. Moreover, a "certificate of registration create[s] a rebuttable presumption of validity." Shady Records, Inc., 2005 WL 14920, *8, FN 7; see also Russ Berrie & Company, Inc. v. Jerry Elsner Co., Inc., 482 F. Supp. 980, 984 (S.D.N.Y. 1980); 17 U.S.C. § 410(c).

"The presumption of validity which attaches to a copyright registration certificate is only rebuttable by evidence of fraud on the Copyright Office, i.e., the registrant acted with the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application." Shady Records, Inc., 2005 WL 14920, *8 (citing Eckes v. Card Prices Update, 736 F.2d 859, 861 (2nd Cir. 1984) (internal citations omitted)). "The registrant, therefore, must have acted with deliberation in providing material misstatements to the Copyright Office: [t]he party asserting the fraud must establish that the application for copyright registration is factually inaccurate, that the inaccuracies were willful or deliberate, and that the Copyright Office relied on those misrepresentations." Shady Records, Inc., 2005 WL 14920, *8 (citing Lennon v. Seaman, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000)). "The knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action." Whimsicality, Inc., 891 F.2d at 456; Russ Berrie & Company, Inc., 482 F.

Supp. at 988. A plaintiff's innocent misstatements or deliberate but nonmaterial misstatements[3] will generally not overcome the presumption of validity. Whimsicality, Inc., 891 F.2d at 455; Shady Records, Inc., 2005 WL 14920, *8.

Defendants have not proffered any competent evidence that Plaintiff knowingly provided material misstatements to the U.S. Copyright Office when he submitted his registration. As an initial matter, Defendants cannot prove that Plaintiff's Certificate of Registration contains any material misrepresentations or inaccuracies sufficient to render Plaintiff's copyright registration invalid, because Defendants have not attached Plaintiff's actual Certificate of Registration. As noted above, a Certificate of Registration constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); Russ Berrie & Co., Inc., 482 F. Supp. at 984-985. Defendants instead rely upon a document generated from an online search of the U.S. Copyright Office's website as evidence that Plaintiff misrepresented material facts to the Copyright Office when registering his copyright; thereby, invalidating his copyright in the Monroe pictures. (Defendants' Motion, p. 10). Defendants' copyright search result, however, is not properly before the Court because that "document" was neither attached to nor referenced in Plaintiff's Second Amended Complaint. The only document referred to in Plaintiff's Second Amended Complaint is the actual Certificate of Registration issued by the U.S. Register of Copyrights to Plaintiff. (Second Amended Complaint, ¶ 10). Thus, Defendants' copyright search result should be disregarded.

Even if the Court considers Defendants' copyright search result, Defendants' Motion still fails. Defendants allege Plaintiff made three (3) material misrepresentations to the U.S.

---

[3]    "Material facts on a copyright registration application are those which go toward the registrability of the materials themselves, such as originality." Shady Records, Inc., 2005 WL 14920, *10.

Copyright Office, which invalidate his copyright registration and preclude the court from exercising subject matter jurisdiction over his claims. First, Defendants argue that Plaintiff misrepresented the nature of the work to be copyrighted. Defendants claim Plaintiff registered a group work when the individual photographs allegedly registered do not qualify as a group work. Plaintiff copyrighted the individual photographs of Marilyn Monroe taken by his father, Carl Perutz, and the U.S. Register of Copyrights issued a Certificate of Registration based upon the individual photographs taken by Perutz. (Second Amended Complaint, ¶ 10). The Court must accept these facts as true. See Natural Resources Media & Technology Group, LLC, 2008 WL 728650, *2; De Jesus, 87 F.3d at 70. Therefore, Defendants have not and cannot present any evidence that Plaintiff misrepresented the nature of the work subject to his copyright.

Defendants next question the date of the first publication of the Monroe pictures. Defendants argue Plaintiff's claim that the first publication occurred in 1999 is a material misrepresentation because the Monroe pictures were allegedly first published in 1972 in a Marilyn Monroe book by Janet Jackson. The circumstances surrounding the creation of and subsequent publication of the Marilyn Monroe book by Janet Jackson are suspect and warrant further discovery. Discovery will likely reveal evidence proving the Marilyn Monroe book is a forgery.

Finally, Defendants argue that Plaintiff misrepresented what was being deposited with his copyright registration. A person's application for copyright registration shall include "in the case of [a] published work, two (2) complete copies of the best edition." 17 U.S.C. § 408(b). Plaintiff received a Certificate of Registration from the U.S. Register of Copyrights. (Second Amended Complaint, ¶10). Thus, the reasonable inference to be drawn from that certificate is that Plaintiff submitted the required two (2) best copies of the copyrighted work. Moreover,

Defendants rely on mere speculation to argue Plaintiff failed to satisfy the deposit requirement under the Copyright Act.

Furthermore, in order to establish that Plaintiff committed a fraud on the U.S. Copyright Office, Defendants must present evidence that Plaintiff willfully and deliberately misrepresented the facts contained in the copyright registration. Shady Records, Inc., 2005 WL 14920, *8 (citing Lennon v. Seaman, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000)). Defendants have proffered no competent evidence that the alleged inaccuracies in Plaintiff's copyright registration were willful or deliberate. Therefore, Defendants cannot rebut the presumption that Plaintiff's copyright registration is valid.

Defendants further contend that Plaintiff's Certificate of Registration is not prima facie evidence of his copyright in the Monroe pictures and the facts stated in the Certificate because the copyright was registered more than five years after the date of first publication. (Defendants' Motion, p. 15). Defendants' argument presumes that the first publication of the Monroe pictures occurred in 1972 when the Marilyn Monroe book by Janet Jackson was allegedly copyrighted. As noted above, discovery will likely reveal that the Marilyn Monroe book is a forgery, and therefore the date of first publication of the Monroe pictures will be what was represented in the Certificate of Registration.

For the foregoing reasons, the Court has subject matter jurisdiction over Plaintiff's claims and Defendants' Motion should be denied.

E.    **Plaintiff states a plausible claim for copyright infringement regarding the Monroe pictures contained in the Marilyn Monroe book by Janet Jackson.**

Defendants contend that the allegations contained in paragraphs 14 and 15 of the Second Amended Complaint regarding the Marilyn Monroe book by Janet Jackson are facially implausible and, therefore, subject to dismissal for failure to state a claim. (Defendants' Motion,

12

pp. 14-15). Defendants' claim is without merit. Plaintiff is not required to plead his case with heightened specificity. As discussed in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1973-74 (2007), the Supreme Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Moreover, it is plausible that discovery will lead to relevant evidence connecting Defendants to the sale of the Marilyn Monroe book by Janet Jackson on eBay. Further, Defendant Morgan's self-serving statement that he was not even born when the Marilyn Monroe book was supposedly copyrighted and published should be disregarded. <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 337 (2nd Cir. 2006) (conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice with regard to motion practice). Therefore, the Court should deny Defendants' Motion to Dismiss.

**F.    The Court has jurisdiction over Plaintiff's State law claim.**

**1.   Plaintiff's conversion claim is not preempted by the Copyright Act.**

Federal copyright law preempts a state law claim when (1) "the subject matter of the work in which the state law claims are asserted fall within the subject matter of federal copyright law, as defined in 17 U.S.C. §§ 102, 103; and (2) the rights asserted under state law [are] equivalent to the rights protected by the Copyright Act." <u>Harper & Row Publishers, Inc. v. Nation Enterprises</u>, 723 F.2d 195, 200 (2nd Cir. 1983), rev'd on other grounds, 471 U.S. 539, 105 S. Ct. 2218 (1985); <u>see also</u> <u>Briarpatch Ltd. v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 305 (2nd Cir. 2004). "The [first prong or] subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." <u>Price v. Fox Entertainment Group, Inc.</u>, 473 F. Supp. 2d 446, 457 (S.D.N.Y. 2007) (citing <u>Briarpatch Ltd.</u>, 373 F.3d at 305). The second prong or

13

"general scope requirement" is satisfied "only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." Price, 473 F. Supp. 2d at 457 (internal citations omitted). A state law claim will not be preempted if it includes "any extra elements that make it qualitatively different from a copyright infringement claim." Price, 473 F. Supp. 2d at 457. Arguably, Plaintiff's conversion claim falls within the subject matter of the federal copyright law. Plaintiff's conversion claim, however, contains an "extra element" that precludes preemption.

Plaintiff's conversion claim is based upon Defendants' unauthorized use, distribution, reproduction and *possession* of the Monroe pictures to the exclusion of Plaintiff. The element of possession establishes the conversion of the Monroe pictures as a tort, which is qualitatively different from the federal copyright law. "A state law claim is qualitatively different if it requires such elements as breach of fiduciary duty, or possession and control of chattels." Price, 473 F. Supp. 2d at 457. Thus, Plaintiff's conversion claim is not preempted by the Copyright Act and Defendants' Motion should be denied.

Furthermore, Plaintiff has stated a cause of action for conversion under state law. Plaintiff alleged that Defendants have (1) acted without authorization (Second Amended Complaint ¶27); (2) exercised dominion or right over ownership over property belonging to another (Second Amended Complaint, ¶¶ 24, 27); and (3) refused to relinquish ownership despite Plaintiff's challenge to their ownership (Second Amended Complaint, ¶28). See Seanto Exports v. United Arab Agencies, 137 F. Supp. 2d 445, 451 (S.D.N.Y. 2001) (citing Heneghan v. Cap-A-Radiator Shops, 506 N.Y.S.2d 132, 134 (N.Y. App. Div. 1986)).

14

### 2. The Court has supplemental jurisdiction over Plaintiff's conversion claim.

Defendants argue that Plaintiff's conversion claim does not meet the diversity jurisdiction requirements under 28 U.S.C. § 1332 because the Second Amended Complaint fails to allege an amount in controversy. (Defendants' Motion, pp. 17-18). Defendants further argue that any amount in controversy would fall well below the $75,000 required by the statute, and therefore, the Court lacks subject matter jurisdiction over Plaintiff's conversion claim. (Id.) Defendants' argument must fail because Plaintiff does not have to plead diversity of citizenship and an amount in controversy in excess of $75,000 in order for the Court to exercise subject matter jurisdiction over his conversion claim. The Court has an independent basis for exercising federal jurisdiction over Plaintiff's conversion claim. "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Plaintiff's conversion claim is so related to his copyright infringement claim that they form part of the same case or controversy; thus, the Court may exercise supplemental jurisdiction over Plaintiff's conversion claim. Therefore, Plaintiff is not required to plead the jurisdictional requirements under 28 U.S.C. § 1332. For the foregoing reasons, Defendants' Motion should be denied.

### G.    Defendants are not entitled to attorney's fees.

Defendants contend that they are entitled to attorney's fees pursuant to 17 U.S.C. § 505 because they have been required to defend facially deficient claims. (Defendants' Motion, p. 18). Defendants' request, however, should be denied. Plaintiff has alleged facts sufficient to state a cause of action for copyright infringement and conversion. Further, Plaintiff's claims were not made in bad faith. Defendants rely on Whimsicality, Inc. v. Rubie's Costume Co., Inc.

to support their claim for attorney's fees. 891 F.2d at 457. The Court in Whimsicality, Inc. found that Whimsicality, Inc. willfully misrepresented information provided as part of its copyright registration and therefore, remanded the case to the District Court for determination regarding the award of attorney's fees to the prevailing defendant. Whimsicality, Inc., 891 F.2d at 457. Defendants have proffered no evidence that Plaintiff willfully misrepresented any information he provided to the U.S. Copyright Office as part of his copyright registration. Therefore, Defendants are not entitled to an award of attorney's fees.

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Dated: April 23, 2008.

Steven Ward Williams
Bar Roll No. SW1625
Suzanne K. Lehman
Bar Roll No. SL5218
SMITH, SOVIK, KENDICK
& SUGNET, P.C.
250 S. Clinton Street
Syracuse, NY 13202
Telephone: (315) 474-2911

WILLIAM M. SIMPICH, SBN #106672
TESFAYE W. TSADIK, SBN #108103
1736 Franklin Street, Tenth Floor
Oakland, California 94612
Telephone: (510) 444-0226

Attorneys for Plaintiff
PETE LIVINGSTON

16

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETE LIVINGSTON                                    Case No. C06-02389-MMC

                      Petitioner,

      -against-

KEYA MORGAN, ET AL.                                Affidavit of Service By Mail

                      Respondent.
------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF BRONX, SS:

EFRAIN CAMACHO, being duly sworn, deposes and says: deponent is not a party herein, is over
18 years of age and resides at NEW YORK COUNTY, NY

       That on November 29, 2006 , deponent served the within Second Amended Summons and
Second Amended Complaint on the following : KEYA MORGAN aka KEYARASH MAZHARI
aka KEYA MAZHARI, at the address designated by said attorney for that purpose of P.O. Box
7412, NEW YORK, NY 10116 by depositing a true copy of aforementioned document in a first
class postpaid envelope addressed to recipient at the above address and deposited same in an
official depository or post office under the exclusive care and custody of the United States Post
Office Department within New York State. The envelope it did not indicate by return address or
otherwise that the communication was from a law firm or concerned a legal matter

                                                            EFRAIN CAMACHO
                                                            LICENSE NO.: 1164029

Sworn to before me this 1ST Day of December, 2006

REGENIA HYMAN
Notary Public, State of New York
No. 01HY6045811
Qualified in New York County
Commission Expires July 31, 2010

NICOLETTI & HARRIS, INC. 116 JOHN STREET NEW YORK, N.Y. 10038   (212) 267-6448   FAX: 267-5942

FILE COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

------------------------------------------------------------

PETE LIVINGSTON                                  Case No. C06-02389-MMC

               Petitioner,

-against-

KEYA MORGAN, ET AL.                              Affidavit of Service By Mail

               Respondent.

------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF BRONX, SS:

EFRAIN CAMACHO, being duly sworn, deposes and says: deponent is not a party herein, is over
18 years of age and resides at NEW YORK COUNTY, NY

      That on November 29, 2006 , deponent served the within Second Amended Summons and
Second Amended Complaint on the following : KEYA GALLERY, at the address designated by
said attorney for that purpose of P.O. Box 8296, NEW YORK, NY 10116 by depositing a true
copy of aforementioned document in a first class postpaid envelope addressed to recipient at the
above address and deposited same in an official depository or post office under the exclusive care
and custody of the United States Post Office Department within New York State. The envelope it
did not indicate by return address or otherwise that the communication was from a law firm or
concerned a legal matter

                                             EFRAIN CAMACHO
                                             LICENSE NO.: 1164029

*Sworn to before me this* |ˢᵀ Day of December, 2006

REGENIA HYMAN
Notary Public, State of New York
   No. 01HY6045811
Qualified in New York County
Commission Expires July 31, 2010

NICOLETTI & HARRIS, INC. 116 JOHN STREET NEW YORK, N.Y. 10038   (212) 267-6448   FAX: 267-8942

**FILE COPY**

UNITED STATES DISTRICT COURT OF THE STATE OF CALIFORNIA

-----------------------------------------------------------------------X    Index No.    C06-02389MMC

PETE LIVINGSTON,

                       Plaintiff(s)

     Against                                         **Affidavit of Service of**

KEYA MORGAN, aka KEYARASH MAZHARI, aka KEYA MAZHARI, ET AL.,      **Second Amended Summons**
                                                     **& Complaint**

                      Defendant(s)
-----------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

The undersigned, being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and resides at BRONX, NY

That on November 28, 2006 at 01:37 PM at the address

        **14 WALL STREET**
        **NEW YORK, NY 10005**

deponent served the within Second Amended Summons & Complaint

UPON:  **KEYA MORGAN a/k/a KEYARASH MAZHARI a/k/a KEYA
        MAZHARI**
By personally delivering a true copy of the Second Amended Summons & Complaint to ERIC WILLIAM, a person of suitable age and discretion. Said premises is Defendant's actual place of business.
On 12/1/2006, deponent enclosed a copy of the Second Amended Summons & Complaint in a postpaid envelope properly addressed to the last known address of said served at:
14 WALL STREET
NEW YORK, NY 10005
and said first class postpaid envelope, which bore the words 'Personal and Confidential' and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant, was deposited in an official depository under the exclusive care and custody of the U.S. Postal Service.
Deponent describes the person actually served as follows:

SEX:       MALE
SKIN:      Black
HAIR:      Black
AGE:       21-35
HEIGHT:  5'4"-5'8"
WEIGHT:  161-200

I asked the person spoken to whether said served was in active military service of the United States or of the State of New York in any capacity whatsoever and received a negative response. Said served wore ordinary civilian clothing and no military uniform. The grounds of this belief and the source of my information in this regard are the observations and conversations account above. Hence, upon information and belief, I assert that the recipient is not in military service of the United States or of New York State as the term is defined in the state or in the Federal statutes.

                                                   **EFRAIN CAMACHO**
                                                 **LICENSE NO.: 1164029**

*Sworn to before me this*    1st day of December, 2006

                             **REGENIA HYMAN**
                   **Notary Public, State of New York**
                         **No. 01HY6045811**
                  **Qualified in New York County**
             **Commission Expires July 31, 2010**

**FILE COPY**

UNITED STATES DISTRICT COURT OF THE STATE OF CALIFORNIA

————————————————————————X    Index No.    C06-02389MMC

PETE LIVINGSTON,

                    Plaintiff(s)

        Against                                              Affidavit of Service of
                                                             Second Amended Summons
KEYA MORGAN, aka KEYARASH MAZHARI, aka KEYA MAZHARI, ET AL.,    & Complaint

                    Defendant(s)
————————————————————————X

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

The undersigned, being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and
resides at BRONX, NY

That on November 28, 2006 at 01:37 PM at the address

        14 WALL STREET
        NEW YORK, NY 10005

deponent served the within Second Amended Summons & Complaint

UPON:  KEYA GALLERY

By personally delivering a true copy of the Second Amended Summons & Complaint to ERIC WILLIAM,
managing agent thereof.

Deponent describes the person actually served as follows:
SEX:    MALE
SKIN:   Black
HAIR:   Black
AGE:    21-35
HEIGHT: 5'4"-5'8"
WEIGHT: 161-200

        I asked the person spoken to whether said served was in active military service of the United States or of the State of New York in any
        capacity whatsoever and received a negative response. Said served wore ordinary civilian clothing and no military uniform. The grounds of
        this belief and the source of my information in this regard are the observations and conversations recounted above. Hence, upon information
        and belief, I assert that the recipient is not in military service of the United States or of New York State as the term is defined in the state or in
        the Federal statutes.

                                                             EFRAIN CAMACHO
                                                             LICENSE NO.: 1164029

Sworn to before me this    6th day of December, 2006

REGENIA HYMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO: 01HY6045811
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES: July 31, 2010

NICOLETTI & HARRIS, INC.  130 FULTON STREET  NEW YORK, N.Y. 10038 (212) 267-6448  FAX: 287-5942

FILE COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
--------------------------------------------------

PETE LIVINGSTON                                    Case No. C06-02389-MMC

                          Petitioner,          AFFIDAVIT OF ATTEMPTED SERVICE
          AGAINST                              OF A SECOND AMENDED SUMMONS
                                               & SECOND AMENDED COMPLAINT

KEYA MORGAN, ET AL.

                          Respondent.
--------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK :SS: EFRAIN CAMACHO
THE UNDERSIGNED DEPONENT, being duly sworn, who deposes and says, I am over the age
of eighteen (18) years of age, I am not a party to this action and resides in BRONX, N.Y.

I hereby declare under penalties of perjury that I attempted to serve the within Second Amended
Summons and Second Amended Complaint upon KEYA MORGAN aka KEYARASH
MAZHARI aka KEYA MAZHARI at 57 West 58th Street, #10-F, New York, NY. After due and
diligent search and inquiry;

my 1st Attempt:      December 5, 2006 at 4:49 pm - Doorman received no answer at apt.
my 2nd Attempt:      December 6, 2006 at 8:59 am - Doorman received no answer at apt.
my 3rd Attempt:      December 8, 2006 at 8:19 pm - Doorman received no answer at apt.
my 4th Attempt:      December 9, 2006 at 10:23am - Doorman received no answer at apt.
my 5th Attempt:      December 9, 2006 at 7:21 pm - Doorman received no answer at apt.

It is for the above reasons that the Second Amended Summons and Second Amended Complaint
was not served on the respondents listed above.

                                               EFRAIN CAMACHO
                                               LICENSE NO.: 1164029

Sworn to before me this 12th day of December, 2006

REGENIA HYMAN
Notary Public, State of New York
No. 01HY6045811
Qualified in New York County
Commission Expires July 31, 2010

NICOLETTI & HARRIS, INC.   116 JOHN STREET NEW YORK, NY 10038   (212) 267-6448 FAX:267-5942

U.S. POSTAL SERVICE    CERTIFICATE OF MAILING

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE-POSTMASTER

Received From:

**N & H**
**116 JOHN STREET**
**NEW YORK, N.Y. 10038**

One piece of ordinary mail addressed to:

Keya Morgan aka Keyarash Mazhari
Reda Mazhari, 14 Wall Street
20th Floor, New York, NY 10005

$ 000.950

PS Form 3817, January 2001

FILE COPY

| U.S. POSTAL SERVICE | CERTIFICATE OF MAILING |
| --- | --- |

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE-POSTMASTER

Received From: Nicolletio & Harris
116 TOWN STREET
NEW YORK, N.Y. 10038

One piece of ordinary mail addressed to:
Reya Gallery
P.O. Box 8296
New York, N.Y. 10116

PS Form 3817, January 2001

$ 000.95⁰
NOV 28 2006
ZIPCODE 10001

FILE COPY

| U.S. POSTAL SERVICE | CERTIFICATE OF MAILING |
|---|---|

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:

**118 JOHN STREET**
**NEW YORK, N.Y. 10038**

One piece of ordinary mail addressed to:

Keya Morgan aka Keyarash Izadi
aka Keya Mazhari
P.o. Box 7412
New York, N.Y. 10116

PS Form 3817, January 2001

000.950

**FILE COPY**

**EXHIBIT "B"**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–265–038

EFFECTIVE DATE OF REGISTRATION

*August 3 2004*
Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼

Carl Perutz photographs of Marilyn Monroe

NATURE OF THIS WORK ▼ See instructions

black and white studio photographs

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

NAME OF AUTHOR ▼

Carl Perutz

DATES OF BIRTH AND DEATH
Year Born ▼ 1921    Year Died ▼ 1981

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ United States
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es) See instructions
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☑ Photograph        ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work

NAME OF AUTHOR ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) See instructions
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph        ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work

---

**3**

Year in Which Creation of This Work Was Completed
1960
This information must be given in all cases.
Year in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month September    Day 21    Year 1960
Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Peta Livingston
POB 71123
Point Richmond, CA 94807

APPLICATION RECEIVED
AUG 0 3 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
AUG 0 3 2004

FUNDS RECEIVED

See instructions before completing this space.

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

by inheritance (as only descendent)

---

MORE ON BACK ▶
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.    • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of 2 pages

EXAMINED BY

CHECKED BY

FORM VA

☐ CORRESPONDENCE
      Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Pete Livingston
POB 71123
Point Richmond, CA 94807

Area code and daytime telephone number  (510) 236-3309        Fax number (510) 236-1635

Email DrLivingston@NotTheEnemy.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☒ other copyright claimant
☐ owner of exclusive rights
☐ authorized agent of _____
    Name of author or other copyright claimant, or owner of exclusive rights ▲

Pete Livingston

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Pete Livingston        Date July 27, 2004

Handwritten signature (X) ▼

X _Pete Livingston_

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼  Pete Livingston

Number/Street/Apt ▼  P.O. Box 71123

City/State/ZIP ▼  Point Richmond, CA 94807-1123

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e). Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Carl S. Perutz photos of Marilyn Monroe - page 1 of 14



perutz-001



perutz-002



perutz-003



perutz-004



perutz-005



perutz-006

Carl S. Perutz photos of Marilyn Monroe - page 2 of 14



perutz-007



perutz-008



perutz-009



perutz-010



perutz-011



Perutz-012

Carl S. Perutz photos of Marilyn Monroe - page 3 of 14



Perutz-013



perutz-014



perutz-015



perutz-016



perutz-017



perutz-018

Carl S. Perutz photos of Marilyn Monroe - page 4 of 14



perutz-019



perutz-020



perutz-021



perutz-022



perutz-023



perutz-024

Carl S. Perutz photos of Marilyn Monroe - page 5 of 14



perutz-025



perutz-026



perutz-027



perutz-028



perutz-029



perutz-030

Carl S. Perutz photos of Marilyn Monroe - page 6 of 14



perutz-031



perutz-032



perutz-033



perutz-034



perutz-035



perutz-036

Carl S. Perutz photos of Marilyn Monroe - page 7 of 14



perutz-037



perutz-038



perutz-039



perutz-040



perutz-041



perutz-042

Carl S. Perutz photos of Marilyn Monroe - page 8 of 14



perutz-043



perutz-044



perutz-045



perutz-046



perutz-047



perutz-048

Carl S. Perutz photos of Marilyn Monroe - page 9 of 14



perutz-049



perutz-050



perutz-051



perutz-052



perutz-053



perutz-056

Carl S. Perutz photos of Marilyn Monroe - page 10 of 14



perutz-057



perutz-058



perutz-059



perutz-061



perutz-60



perutz-61

Carl S. Perutz photos of Marilyn Monroe - page 11 of 14



perutz-62



perutz-63



perutz-64



perutz-65



perutz-66



perutz-67

Carl S. Perutz photos of Marilyn Monroe - page 12 of 14



perutz-68



perutz-69



perutz-70



perutz-71



perutz-72



perutz-73

Carl S. Perutz photos of Marilyn Monroe - page 13 of 14



perutz-74



perutz-75



perutz-76



perutz-77



perutz-78



perutz-79

Carl S. Perutz photos of Marilyn Monroe - page 14 of 14



perutz-80



perutz-81