**MEMO ENDORSED**

Kenneth R. Silverman, Esq.
Attorney for Defendants Keya Morgan
and Keya Gallery
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082 - Phone and Fax

RECEIVED APR 18 2008 CHAMBERS OF KEVIN NATHANIEL FOX U.S. MAGISTRATE JUDGE

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 4/24/08

By Hand

United States District Magistrate Judge Kevin Nathaniel Fox
United States District Court
Southern District of New York
500 Pearl Street, Room 540 – Courtroom 20A
New York, New York 10007

Re: <u>Pete Livingston v. Keya Morgan and Keya Gallery</u>, Case Number 07 CV 7835 (RMB) (KNF) – <u>Request to postphone/Stay of Discovery Until Defendants' Motion to Dismiss is Decided, and if necessary, Defendants Have answered, and to revise the Scheduling Order in this Matter</u>

April 17, 2008

Dear Judge Fox:

This letter concerns a request by defendants to extend/stay discovery until Defendants' pending Motion to Dismiss is decided, and if necessary, Defendants have answered. I have attempted in good faith to resolve this matter between the parties by faxing and mailing a letter, and then calling Plaintiff's New York attorneys, Smith, Sovik, Kendrik & Sugnet, P.C. I just received a phone call from Suzanne Lehman, Esq., of that firm, and she indicated that Plaintiff would not agree to postphone discovery until the Motion to Dismiss is decided, and if necessary, Defendants have answered. Ms. Lehman indicated that she believed Judge Berman had stated at the pre-motion conference that the parties were to continue with Discovery. The Judge actually stated generally that any discovery issues in the case were to be raised with Judge Fox. I have attached a copy of the letter sent to Plaintiff's attorneys yesterday.

In brief, Plaintiff filed an action for Copyright infringement and an action for Conversion. It is defendants' position that there is not a valid claim to be made by Plaintiff. The Motion to Dismiss, <u>filed April 8, 2008</u>, argues that the Complaint is time-barred, and additionally, that the Court lacks subject matter and diversity jurisdiction. Plaintiff's Opposition is due <u>April 23, 2008</u>, and Defendants' reply is due <u>April 30, 2008</u>. On <u>April 10, 2008</u>, I received Plaintiff's First Interrogatories to Defendants, as well as Plaintiff's First Request for Production of Documents. On <u>April 17, 2008</u>, I received a Demand for a Deposition of Defendant Keya Morgan to take place <u>May 1, 2008</u>, and a copy of a Subpeona served on an individual named Daniel J. Byrnes to take place on <u>April 29, 2008</u>. This bombardment of discovery all to take place within a few week period, while a Motion is pending that could dispose of the entire matter, serves no useful purpose, except to harass the Defendants, wastes time, and forces the Defendants to incur burdensome legal fees that could prove unnecessary if the matter is disposed of pursuant to the pending Motion to Dismiss. There is simply no need to engage in discovery while a Motion to Dismiss is pending, and the Defendants have yet to even answer, should that prove necessary. Moreover, if the Action survives the Motion to Dismiss, the Discovery issues in this matter will have been clarified in such a way as to facilitate a more efficient and cost-effective process for the parties. Postphoning/Staying discovery is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources. <u>Chavous v. Dist. Of Columbia Fin. Responsibility & Mgmt. Assistance Auth.</u>, 201 F.R.D.1,2 (D.C.. 2001).

Defendant is not a corporation with insurance, but rather a private individual forced to defend this claim out-of-pocket. While it is understood that discovery is part of the process of litigation, there is no need to rush discovery in a few week period at the very moment when a

pre-answer Motion to Dismiss is pending that could dispose of the entire matter. It seems to defendants that Plaintiffs are attempting to generate discovery demands in the form of interrogatories, demand for production of documents, and demand for depositions prior to the filing of Plaintiff's Opposition papers in an effort to make it appear that there are evidentiary issues that need to be explored. It also appears that Plaintiff is going on a classic fishing expedition with regard to what is being asked for.

     An example of the extremely burdensome and questionable nature of what Plaintiff is asking for is Demand 1 in Plaintiff's First Request For Production of Documents To Defendants, where Plaintiff requests "all tape recordings, notes or other documents…that describe or summarize any conversations or discussions between you and any person (other than legal counsel) about Marilyn Monroe photographs, prints, contact sheets, negatives and/or other reproductions. The Complaint by Plaintiff concerns certain specific photographs allegedly taken by plaintiff's father. Besides being overly broad and not likely to lead to evidence, the time required to fulfill this request may be uncountable, as Defendants frequently engage in business activities relating to Marilyn Monroe images. Plaintiff's First Request For Production of Documents To Defendants asks for <u>Thirty Five (35) separate items</u>.

     As to Plaintiff's First Interrogatories, the requests fail to follow Local Rule 33.3, which limits Interrogatories to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of damage alleged, and the existence, custodian, location and general description of relevant documents…" Plaintiff in Interrogatory 15 asks Defendants to "Identify each person or entity you know who has sold and/or sells images of Marilyn Monroe, and provide each individual and entity's contact information. The lawsuit does not concern all the existing images of Marilyn Monroe, just the

ones allegedly taken by plaintiff's father. Thus, it does not follow the dictates of the above cited Local Rule. Moreover, it would take many hours to gather the identities of every person defendants have ever known who have sold images of Marilyn Monroe. The same problems exist with regard to the other Interrogatories. I have attached a copy of Plaintiff's First Interrogatories.

The Demand for a Deposition of the Defendant Keya Morgan, scheduled to occur two (2) days after Defendants Reply is also unduly burdensome and costly. The motion is to be decided on submission, and therefore will not be ruled upon at the time the deposition occurs. Defendants could be forced to expand time and money in a process that could prove useless if Plaintiff's Claims are dismissed pursuant to the Motion to Dismiss. There is no emergency that requires immediate discovery, as discovery can be conducted just as readily and more efficiently, if necessary, after the Motion to Dismiss is decided, and Defendants have answered.

In addition to requesting a postphonement/stay of discovery until the Motion to Dismiss is decided, and if necessary, Defendants have answered, Defendants also request that the Discovery deadline in this matter, currently set for May 1, 2008, be reset at a 26 (f) Conference, if necessary, after the Motion to Dismiss is decided. The Scheduling Order entered by the Court at a January 22, 2008 conference has been superceded by the current Motion practice, as the briefing deadlines were determined by Judge Berman at the pre-motion conference. Clearly, it is not possible to conclude discovery while a pre-answer Motion to Dismiss is pending.

Lastly, should Defendants be required to engage in Discovery, Defendants reserve all rights to

object to specific demands and to seek a protective order, if needed.

Yours Truly,

*[signature]*

Kenneth R. Silverman

Cc: Steven W. Williams/Suzanne K. Lehman

> 4/24/08
> The instant application, to stay discovery until an outstanding motion to dismiss is resolved, is denied. Based upon the parties' conflicting recollections of what directive respecting discovery was given to you by the assigned district judge, I have conferred with him and have determined that the parties were directed to engage in discovery activities while the above-noted motion is sub judice.
>
> SO ORDERED:
>
> */s/ Kevin Nathaniel Fox*
> Hon. Kevin Nathaniel Fox
> United States Magistrate Judge