Kenneth R. Silverman, Esq.
Attorney for Defendants Keya Morgan
And Keya Gallery
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082

_____ X

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____ X        ELECTRONICALLY FILED

PETE LIVINGSTON,                        No. 07 CV 7835 (RMB) (KNF)

       Plaintiff

v.                                      DEFENDANTS' REPLY IN SUPPORT
                                        OF MOTION TO DISMISS

KEYA MORGAN AND KEYA

GALLERY,

       Defendants,

_____ X

1

## TABLE OF CONTENTS

Table of Authorities……………………………………….3

Preliminary Statement……………………………………..4

Argument in Reply…………………………………………7

Point I- The Documents Submitted by Defendants Supporting
The Motion to Dismiss are Properly Before the Court………..7

Point II – The Complaint is Time-Barred………………….7

Point III – The Court Lacks Subject Matter Jurisdiction………9

Point IV - Plaintiff's Conversion Claim is Preempted by
The Copyright Act…………………………………………..11

Point V – The Court Lacks Diversity Jurisdiction……………12

Point VI – Defendants are Entitled to Attorney's Fees………..12

Conclusion - ……………………………………………..12

TABLE OF AUTHORITIES

Cases

Cortect Indust's. v. Sum Holding L.P., 949 F.2d 42,48 (2d Cir. 1991)...............6

Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000)..........................7

Kramer v. Time Warner, 937 F.2d 767, 773 (2d Cir. 1991)..........................6

Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2nd Cir. 1996).............................8

Livingston v. Morgan, Slip Copy, 2007 WL 1150922 (April 18, 2007)..............8
Livingston v. Morgan, Slip Copy, 2007 WL2140900 (July 25,2007)...............10

Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996).......................................6

Morris. v. Business Concepts, Inc., No.99-CV-(RCC), 2000 U.S. Dist. Lexis 3835, *9 (S.D.N.Y. March 28, 2000)..........................................................................8

Netzer v. Continuity Graphic Assoc's., Inc., 963 F.Supp. 1308, 1315
(S.D.N.Y. 1997)..........................................................................6,7

Price v. Fox Entertainment, 473 F.Supp.2d 446, 458 (S.D.N.Y. 2007)............... 6,7,9

Rivera v. Pataki, 2003 WL 21511939 (S.D.N.Y), *9..................................7

Shady Records, Inc. v. Source Enterprises, Inc., F.Supp.2d 2005 WL 14920......8.

U.S. Drug Enforcement Administration v. Polanco, F.3d 647,
655 (2nd Cir. 1998)......................................................................7

Vigilant Ins. Co. of Am. V. Hous. Auth., 87 NY2d 36, 44 (1995)....................10

Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 457 (2d Cir. 1989)..10

Statutes

17 U.S.C. 202.............................................................................10

17 U.S.C. 408 (C) .......................................................................5,8,9

28 U.S.C. 1332...........................................................................10

N.Y.S. CPLR 214 (3)..................................................................... .10

17 U.S.C. 412 .............................................................................6

## PRELIMINARY STATEMENT

Plaintiff's Memorandum of Law in opposition to Defendant's Motion to Dismiss does not add any new arguments that can stave off a dismissal. Quite simply, the Claim is time-barred. The allegations in the Second Amended Complaint (Plaintiff's sixth (6) complaint including the California action) state that Plaintiff asserted sole-ownership of the Marilyn Monroe photographs allegedly taken by his father during the week of January 16, 2004 (Paragraph 11), and that on August 26, 2004, Plaintiff learned of Defendant Keya Morgan's assertion of copyright over the images (paragraph 12). The case law cited in Defendants' Memorandum clearly states that the action accrues upon Plaintiff asserting sole ownership of the copyright. The Plaintiff's memorandum fails to even address this issue, and cites no case law to the contrary. The claim accrued during the week of January 16, 2004, and at the very latest August 26, 2004. The action is clearly time-barred.

It must also be pointed out that it was only after becoming aware that Defendants would make a statute of limitations argument, that Plaintiff "tacked on" allegations in his Second Amended Complaint relating to Defendants' involvement in the 1972 Janet Jackson book "Marilyn Monroe." Prior to that Plaintiff had sought to relitigate the California Action in its entirety. These new allegations (the sixth version of these claims), concerning a book published before Defendant Morgan was born, are simply absurd, and a desperate attempt to keep a lawsuit alive, that is time-barred.

Having failed to comply with the statute of limitations, plaintiff argues in his brief that the three-year statute of limitations should be equitably tolled. Plaintiff's arguments in this regard must fail. Firstly, it well-established that there is no tolling when a suit is dismissed without prejudice, as was the case with the parties in the California action. Secondly, the failure

to bring an action against the defendants within the statutory time period is solely due to the decisions and actions of the Plaintiff. Plaintiff chose to sue Defendants in California, while knowing at the time that New York was the proper forum. Allegations three (3) and four (4) of the original Complaint in the California action state that the defendants were in New York. It is disingenuous for Plaintiff to now argue that he was ignorant that New York was the proper forum. Moreover, as Judge Chesney makes clear in the Court's Order in California reopening a Default Judgment against Defendants Keya Morgan and Keya Gallery, the lack of service in that action was solely due to defects on the part of Plaintiff. The Order does not in any way state that the Defendants evaded service. As the issue of Service has already been litigated in California, Res Judicata bars Plaintiff from arguing in New York that the statute should be tolled.

Furthermore, the fact that Defendant Keya Morgan appeared voluntarily in this action at a conference before the Court on January 22, 2008 evidences that Mr. Morgan did not attempt to evade service. The Court in this action pointed out Plaintiff's lack of diligence regarding service in its endorsement of a letter, where the Court stated that Plaintiff should research more effective and preferred methods of service (Docket Report entry #6).

The Court also lacks Subject Matter Jurisdiction over this action due to an invalid copyright registration attained by misrepresentations to the Copyright Office. Proper registration is a prerequisite to bringing a suit for copyright infringement. Plaintiff has essentially admitted invalid registration by attaching his copyright registration as Exhibit B of his Memorandum. Section 408 (c) of the Copyright Act only allows group registration of works first published as a contribution to a periodical. As this was not the case (and Plaintiff does not argue that it was), the single registration for the individual photographs is invalid, depriving the Court of Subject Matter Jurisdiction. Moreover, there can be no doubt that a misrepresentation to the Copyright

Office was made concerning the Publication date of the photographs. The Janet Jackson book "Marilyn Monroe," already submitted to the Court with Defendants' Motion, has a 1972 Copyright Notice. Additionally, in the California action, Judge Chesney stated "Livingston attests: none of the images which I filed for copyright protection with the application for registration were published prior to my registration." Plaintiff certified to the Copyright Office in his August 3, 2004 application that the publication date was September 21, 1999. According to Plaintiff's own Sworn statement in the California action, the publication date is not true.

Plaintiff's state law claim for conversion is preempted by the Copyright Act. Moreover, Plaintiff fails to state a Conversion claim, as the alleged ownership of the copyright does not give Plaintiff any rights with respect to the actual physical photographs, which can be transferred freely by non-copyright holders. The Court also lacks diversity jurisdiction over the state law claim, as the amount in controversy is only $3,800.00. Attorney and Statutory fees are unavailable, as the registration either did not occur within three months of publication of the 1972 Janet Jackson book, or as Plaintiff attested in California, the photographs were not registered at the time his claim for sole ownership accrued against the Defendants. 17 U.S.C. 412.

ARGUMENT IN REPLY

POINT I - The Documents submitted by Defendants Supporting the Motion to Dismiss are Properly before the Court

Plaintiff erroneously argues that the Exhibits in support of Defendants' Motion are improper, as they are evidence outside the pleadings. No case law is attached to support this argument. All documents attached to and referred to in the Complaint and matters of judicial notice are properly before the Court. Cortect Indust's. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). The documents defendants attached as Exhibits in the Motion to Dismiss were referred to in the Complaint, and Plaintiff did not lack notice. Cortect, at 48. Furthermore, the Copyright registration Plaintiff has now submitted as an exhibit is now properly before the Court, as it was referenced in the Complaint.

POINT II. The Complaint is Time-Barred

Plaintiff's Memorandum in Opposition essentially admits that the claim is time-barred. Plaintiff cites no authority contrary to the case law in Defendants' Memorandum holding that a copyright claim for sole ownership accrues at the time sole ownership is asserted, and that alleged infringements occurring within the three (3) year period to sue are irrelevant for purposes of determining when the claim accrued. Netzer v. Continuity Graphic Assoc's, Inc., 963 F.Supp.1308, 1315 (S.D.N.Y 1997); Price v. Fox Entertainment, 473 F.Supp.2d 446, 458 (S.D.N.Y. 2007). (See also Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996), cited by Price, at 455, "an express assertion of sole authorship or ownership will start the copyright statute of limitations running.")

Plaintiff's brief acknowledges that Plaintiff's claim for sole ownership accrued outside the three (3) year statute of limitations period (Plaintiff's Memorandum, p. 5). The subsequent

7

infringements alleged in plaintiff's Complaint are irrelevant for purposes of determining when the claim accrued.

Having failed to bring this suit within the statutory period, Plaintiff argues that the statute should be tolled. Plaintiff's arguments in this regard must also fail. There is no tolling of the statute of limitations when a case is dismissed without prejudice. Rivera v. Pataki, 2003 WL 21511939 (S.D.N.Y), *9, citing Elmore v. Henderson, 227 F.3d 1009, 1011 (7th. Cir. 2000). This is precisely what happened in the California Action. (See Declaration of Kenneth R. Silverman, Exhibit 1). Furthermore, equitable tolling is only available in 'extraordinary circumstances," Netzer, at 1316, such as where the plaintiff was ignorant of his cause of action and exercised due diligence. Netzer, at 1316, Price, at 455, U.S. Drug Enforcement Administration v. Polanco, 158 F.3d 647, 655 (2nd Cir. 1998).

In the case at bar, Plaintiff's failure to comply with the statute was solely due to his own decisions and actions. Prior to bringing suit in California, Plaintiff was aware that the Defendants were located in New York, as Paragraphs three (3) and four (4) of the Complaint filed in the California action indicate. (see Declaration of Kenneth R. Silverman, Exhibit 2). Plaintiff, knowing the Defendants were in New York, chose to sue in California, the forum most convenient for him. It is disingenuous for Plaintiff to now argue that he was unaware that New York was the proper forum.

Furthermore, the judicial record contradicts Plaintiff's argument that Defendants evaded service in the California action. In granting Defendants' Motion to Set Aside Entry of Default, Judge Chesney makes it absolutely clear that the failure to gain jurisdiction over the Defendants was solely due to defects in service on Plaintiff's part. No mention is made of any attempts to evade service. Livingston v. Morgan, Slip Copy, 2007 WL 1150922 (April 18, 2007). The issue

of Service in California has already been litigated and res judicata prevents Plaintiff from asserting this argument in this action.

Moreover, the fact that Defendant Keya Morgan appeared voluntarily in this action at a conference before the Court on January 22, 2008 evidences that Mr. Morgan did not attempt to evade service. Plaintiff's overall lack of diligence concerning service is also evidenced in this action, where this Court in its endorsement of a letter, stated that Plaintiff should research more effective and preferred methods of service (Docket Report entry #6). Plaintiff's arguments for preserving his claim based on equitable tolling are completely meritless. Equitable tolling is only available where Plaintiff, through no fault of his own was unable to sue before. Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2nd Cir., 1996). That is clearly not the case in this matter, and therefore, the Court should dismiss the Complaint in its entirety.

POINT III – The Court Lacks Subject Matter Jurisdiction

The Copyright Registration attached as Exhibit B to Plaintiff's Opposition, as well as the online Copyright Office Search result submitted by Defendants with their Motion clearly establish that the photographs were improperly registered, and that registration was only achieved by misrepresenting that the photographs were eligible for registration as group works. As discussed in Defendants' motion, the photographs, not having been first published in a periodical, were ineligible to be grouped in a single registration. 17 U.S.C. 408 (c). This misrepresentation to the Copyright office invalidates the registration, and deprives the Court of subject Matter Jurisdiction. Morris. v. Business Concepts, Inc., No.99-CV-(RCC), 2000 U.S. Dist. Lexis 3835, *9 (S.D.N.Y. March 28, 2000). Plaintiff cites Shady Records, Inc. v. Source

Enterprises, Inc., F.Supp.2d 2005 WL 14920, to support its argument that the Court should not consider Plaintiff's misrepresentation to the Copyright Office. But in that case, the Court found that the copyright registrants had corrected omissions on the original registration by the time the lawsuit was commenced, Shady, at *9. The Court also held that an additional omission was immaterial to the validity of the registration. Shady, at *10. In this case, under 408 (c), the photographs were ineligible for registration as a group work, and absent the misrepresentation, would not have been registered as such. Morris, at *9.

Plaintiff also contends that the Court should disregard the 1972 publication date on the copyright notice of the Janet Jackson book "Marilyn Monroe," which Plaintiff referenced in his Complaint and Defendants attached as an Exhibit to their motion. Plaintiff, in a desperate attempt to maintain this lawsuit, states that the book will likely be proved to be a forgery (Plaintiff's opposition, pg. 11). This lawsuit cannot be continued so that Plaintiff can pursue an absurd assertion. Plaintiff mischaracterizes Defendant Keya Morgan's statement in his Declaration that he was not yet born at the time of the publication of the Janet Jackson book. It is simply a factual statement, which further points out the meritlessness of the new allegations in the Second Amended Complaint.

It is clear a grave misrepresentation was made to the Copyright Office concerning the Publication date of the photographs. Judge Chesney found in the California Action that "Livingston attests: "None of the images which I filed for copyright protection with the application for registration were published prior to my registration."" Livingston v. Morgan, Case No. 06-2389 (MMC), Slip Copy, 2007 WL 2140900, *5 (July 25,2007). Plaintiff certified to the Copyright Office in his August 3, 2004 application that the publication date was September 21, 1999. According to Plaintiff's own Sworn statement in the California action, the

publication date is not true. This knowing misrepresentation invalidates the Copyright registration, and therefore, the Court lacks subject matter jurisdiction. Shady, at *8.

POINT IV – Plaintiff's Conversion Claim is Preempted by the Copyright Act

Plaintiff's state law claim for Conversion is a copyright claim masquerading as a state claim, and is preempted by the Copyright Act. The only basis that Plaintiff alleges for ownership of the physical objects is that he owns the copyright and that the Defendants are interfering with his copyrights (Paragraphs 24-27 of the Second Amended Complaint). As the Court held in Price, Conversion is preempted by the Copyright Act because it meets both the subject matter requirement and general scope requirement tests that Courts use in determining if a federal law has preempted a state statute. Price, at 461. Courts take a restrictive view of what qualifies as an extra element, and in doing so look to what Plaintiff seeks to protect, the theory under which protection is sought, and the rights sought to be enforced. Price, at 457. In this case, it is clear Plaintiff seeks to protect and enforce his copyrights, under a theory of copyright ownership. He does so erroneously, as Copyrights pass separately from the physical objects. 17 U.S.C. 202. The state law Conversion claim is therefore preempted.

Moreover, plaintiff is incorrect in arguing that a Claim for Conversion has been stated under state law. Plaintiff has failed to allege that he owns the physical objects in question, or that the defendants have acted without authorization or exercised dominion and control over physical property belonging to another. Vigilant Ins. Co. of Am. V. Hous. Auth. 87 NY2d 36, 44 (1995). Lastly, as acknowledged in Plaintiff's Memorandum, the statute of limitation has run on the Conversion claim (Plaintiff's Memorandum, pg. 7) NYS CPLR 214 (3).

POINT V – The Court Lacks Diversity Jurisdiction

Plaintiff makes no effort to refute the amount in controversy being only $3,800. As the Copyright claim is time-barred, the Court cannot entertain the Conversion claim separately due to the amount in controversy being less than $75,000.00. 28 U.S.C. 1332.

POINT VI- Defendants are Entitled to Attorneys Fees

The Defendants should be awarded attorney's fees for having to defend against a claim that is facially deficient and based on a registration procured by misrepresentation. Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 457 (2d Circuit, 1989).

Conclusion

For All the foregoing reasons, it is respectfully requested that plaintiff's Complaint be dismissed in its entirety.

Dated: April 28, 2008

Kenneth R. Silverman,
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082
Attorney for Defendants