Kenneth R. Silverman, Esq.
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082
Fax (718) 852-3082

Attorney for Defendants, KEYA MORGAN and KEYA GALLERY

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PETE LIVINGSTON, ) | | No. 07-CV 7835 |
| Plaintiff, ) | | DECLARATION OF KENNETH R. SILVERMAN IN SUPPORT OF MOTION TO DISMISS |
| v. ) | | |
| KEYA MORGAN and KEYA GALLERY, ) Defendant. ) | | REPLY Date: April 30, 2008<br>Courtroom: 706<br>Hon. Judge Richard Berman |

I, Kenneth R. Silverman, declare as follows:

1. I am the attorney in this action for the defendants Keya Morgan and Keya Gallery. I am licensed to practice law in the United States District Court, Southern District of New York.

2. I have personal knowledge of all matters stated herein and, if called as a witness I could competently testify thereto, except as to those matters stated upon information and belief, and to those matters I believe them to be true.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Second Amended Request For Dismissal of Nova Wine's, Inc. with Prejudice and Dismissal of Keya Morgan and

Keya Gallery without prejudice, Ordered by Judge Chesney on February 4, 2008. I obtained this Document by downloading it from Pacer, Docket Entry #220 for Livingston v. Morgan, case No. 06-02389.

4. Attached hereto as Exhibit 2 is a true and correct copy of the original Complaint for Livingston v. Morgan, Case No. 06-02389, filed in United States District Court, Northern District of California, on April 5, 2006. I obtained this Document by downloading it from Pacer, Docket Entry #1.

I declare, under penalty of perjury, under the laws of the State of New York, that the foregoing is true and correct.

Executed this 27th day of April, 2008, at Brooklyn, New York

Kenneth R. Silverman

# EXHIBIT 1

1
2
3   WILLIAM M. SIMPICH, SBN #106672
    1736 Franklin Street, Tenth Floor
    Oakland, California  94612
4   Telephone: (510) 444-0226

5   TESFAYE W. TSADIK, SBN #108103
    1736 Franklin Street, Tenth Floor
6   Oakland, California  94612
    Telephone: (510) 839-3922
7
    Attorneys for Plaintiff
8   PETE LIVINGSTON

9                   IN THE UNITED STATES DISTRICT COURT

10              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  PETE LIVINGSTON,                    Case No. C06-02389 MMC
12      Plaintiff,                      SECOND AMENDED REQUEST
                                        FOR DISMISSAL OF NOVA WINES, INC.
13      v.                              WITH PREJUDICE AND DISMISSAL OF
                                        KEYA MORGAN aka KEYARASH
14  KEYA MORGAN aka KEYARASH            MAZHARI aka KEYA MAZHARI, AND
    MAZHARI aka KEYA MAZHARI, KEYA      KEYA GALLERY WITHOUT
15  GALLERY, NOVA WINES, INC.,          PREJUDICE, AND ISSUANCE OF
                                        CORRECTED ORDER ; ORDER
16
17      Defendants.
18
19
20
21
22
        Plaintiff Pete Livingston requests that this case be dismissed with prejudice against
23
    Defendant Nova Wines, Inc., based on the Settlement Agreement filed under seal and Plaintiff's
24
    Motion for Administrative Relief to File Settlement Agreement Under Seal.
25
        Plaintiff Pete Livingston further requests that Defendants Keya Morgan aka Keyarash
26
    Mazhari aka Keya Mazhari and Keya Gallery be dismissed without prejudice.
27
        This corrected order shall replace the order issued on January 22, 2008.

*Second Amended Request for Dismissal*
C-06-2389 MMC

1
2
3      Dated: February 1, 2008
4                                                              /s/
                                                    WILLIAM M. SIMPICH
5                                                   Attorney for Plaintiff
       It is so ordered.
6
7
       Dated: February 4, 2008
8
                                                    ~~HON. MARILYN M. CHESNEY~~
9                                                   HON. MAXINE M. CHESNEY
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Second Amended Request for Dismissal*
C-06-2389 MMC

# EXHIBIT 2

WILLIAM M. SIMPICH, SBN #106672
1736 Franklin Street, Tenth Floor
Oakland, California 94612
Telephone: (510) 444-0226

TESFAYE W. TSADIK, SBN #108103
1736 Franklin Street, Tenth Floor
Oakland, California 94612
Telephone: (510) 839-3922

Attorneys for Plaintiff
PETE LIVINGSTON

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| PETE LIVINGSTON, | Action No. _____ |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Jury Demand) |
| v. | 1. Copyright infringement |
| KEYA MORGAN aka KEYARASH MAZHARI aka KEYA MAZHARI, KEYA GALLERY, NOVA WINES, INC., JANINA GEHN aka NINA GEHN, & NTG/XLink, | 2. Conversion<br>3. Business & Professions Code 17200 *et seq.* |
| Defendants. | |

Plaintiff Pete Livingston alleges:

**NATURE OF ACTION**

1. This is an action for copyright infringement and related state law claims arising from the willful misconduct of all defendants in this action. Plaintiff Pete Livingston is the sole heir of his father's photographic work. Keya Morgan and Keya Gallery claim to have in their possession 58 copyrighted photographs of Carl Perutz, and willfully and knowingly violated the copyright laws (17 U.S.C. §101 et seq.) by distributing and offering to distribute the photographs. These

1

2   defendants also suborned infringement through the website www.marilyn-online.de which
3   promoted the sale and distribution of these copyrighted photographs.
4        Defendants Janina Gehn aka Nina Gehn and NTG/Xlink created a website in Frankfurt,
5   Germany which advertised the sale and distribution of this copyrighted photographs. Defendants
6   Nova Wines, Inc. knowingly took at least one image of Perutz' Monroe photographs from the
7   aforementioned German website and created a derivative work from it without securing rights to
8   Perutz's photograph. They placed that derivative work on their wine bottles, posters, other
9   commercial artwork, websites, and publicity photos to make money for themselves throughout the
10  world.
11       Pete Livingston seeks in this action, among other things, immediate injunctive relief
12  ordering defendants to stop the infringement and distribution. The need for injunctive relief is
13  critical: (1) Pete Livingston will prevail on the merits of his copyright and other claims; (2)
14  Without injunctive relief Livingston will continue to suffer irreparable harm; (3) No public interest
15  is served by defendants' continued infringement and distribution.
16                              **PARTIES**
17       2. Plaintiff Livingston is an individual who is a resident of Contra Costa County and the
18  legal heir to the estate of Carl Perutz.
19       3. Defendant Keya Morgan aka Keyarash Mazari aka Keya Mazari is an individual who
20  resides in the City of New York.
21       4. Defendant Keya Gallery is a business entity which is owned by Keya Morgan and has its
22  principal office in New York City.
23       5. Defendant Nova Wines, Inc. is a California corporation that does business in St. Helena,
24  California. Robert L. Holder is the president of said corporation.
25       6. Defendant Janina Gehn aka Nina Gehn is the creator of the website known as
26  marilyn-merlot.de and bears responsibility for its content.
27       7. Defendant NTG/Xlink is the owner of the website described above.
28  ///

## JURISDICTION AND VENUE

8. This is a civil action seeking, *inter alia*, damages and injunctive relief for copyright infringement under the copyright law of the United States (17 U.S.C. §§101 et seq.) This Court has jurisdiction of this action under 17 U.S.C. 101 et seq. and 28 U.S.C. §§1338(a) and (b). The court has supplemental jurisdiction over the related claims and in that these claims are so related to the above federal claims that they form part of the same case or controversy. This Court has personal jurisdiction over defendants in that, the act of infringement that is the basis of this action occurred in this District as each defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute copyrighted work for which the Plaintiff has exclusive rights. In addition, each Defendant contracted with an Internet Service Provider found in Germany to provide California residents with access and acquisition of the copyrighted materials complained of herein occurred in the State of California and in this District. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c).

## GENERAL ALLEGATIONS

9. Carl Perutz was the copyright holder of numerous photographic prints, negatives, and contact sheets depicting Marilyn Monroe, hereinafter "Monroe pictures", prior to his death on November 20, 1981. Each of the Monroe pictures are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights on August 3, 2004.

10. At all relevant times, Plaintiff Pete Livingston is the heir of the estate of Carl Perutz, the holder of the copyrighted Monroe pictures.

11. On or about October 22, 2003, plaintiff Livingston learned that Defendant Keya Morgan claimed possession of a number of Monroe pictures. During the week of January 16, 2004, Keya Morgan contacted the Plaintiff and informed him that he obtained at auction 58 original Marilyn Monroe prints (some with Carl Perutz named stamped on the back) as well as negatives and contact sheets. Defendant Morgan stated that he was interested in working out some kind of publishing and signing arrangement with the Plaintiff.

12. Plaintiff is informed and believes that Defendant Keya Morgan, without the consent

and permission of Plaintiff, suborned infringement through the website www.marilyn-online.de, which in turn promoted the sale and distribution of these copyrighted photographs to the other Defendants and other unknown individuals and entities. These photographs were the property and the exclusive copyrighted work of Carl Perutz. Plaintiff registered his copyright on August 3, 2004, and notified all of the Defendants of his copyright during that month. Although notified that the Plaintiff held the copyright to the Perutz photographs, these Defendants ignored him and continued to use the photographs for monetary purposes. Plaintiff further declares that the Monroe pictures belong to him and to no other party.

13. Defendants are agents of one another, and have acted in concerted activity with one another in action that has resulted in damage to Plaintiff's property rights. Plaintiff has suffered and continues to suffer immediate and irreparable harm, including the loss of money and property, as a result of Defendants the violation of his copyrights.

**FIRST CAUSE OF ACTION**
(Copyright Infringement against Defendants - all Defendants)

14. Plaintiff incorporates by reference herein the allegations set forth in Paragraph 1 through 13 above.

15. Plaintiff is informed and believes that Defendants, without his permission and consent, have used, and continue to use, distribute and offer for distribution including by making them available for distribution and offer to potential customers on online media the copyrighted photographs described herein as the "Monroe Pictures". In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. The acts of each of the Defendants, therefore, constitutes infringement of the plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. §101 et seq.)

16. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

17. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled relief pursuant to 17 U.S.C. §504, and his attorneys' fees and

costs pursuant to 17 U.S.C. §505.

18. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright.

WHEREFORE, Plaintiff prays for judgment against each Defendant as set forth below.

**SECOND CAUSE OF ACTION**
(Conversion - all Defendants)

19. Plaintiff incorporates by reference and reallege paragraphs 1 through 18 as though set forth in full.

20. Plaintiff is the rightful heir to the estate of Carl Perutz with a full right to assert the exclusive copyright provided under the law.

21. Each of the Defendants have been and continue to substantially interfere with Plaintiff's copyright interest in the Monroe pictures, which exclusively belonged to Carl Perutz and have passed to Plaintiff, a legal heir.

22. Even though Defendants were aware that Plaintiff has claimed that he has full copyright to the Monroe pictures, Defendants refuse and continue to refuse to honor the copyright.

23. In addition, Defendants Keya Morgan and Keya Gallery have been and continue to be possession of the Monroe pictures which exclusively belong to Carl Perutz and through his estate to Plaintiff, a legal heir.

24. Even though Defendant Morgan and Keya Gallery are aware that plaintiff challenged their ownership of the Monroe pictures, Defendants refuse and continue to refuse relinquishing ownership. Plaintiff asks this court for injunctive and declaratory relief to restore ownership of the Monroe pictures to him.

25. As a proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages in the amount to be established at trial.

26. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
(Business and Professions Code Section 17200 *et seq.* - all Defendants)

27. Plaintiff incorporates by reference and reallege paragraphs 1 through 26 as though set forth in full.

28. Defendants' actions have violated Business and Professions Code Section 17200 et seq. by engaging in unlawful, unfair and/or fraudulent acts or practices as described above. Defendants must disgorge all profits obtained as a result of their unlawful and unfair actions as described above as well as enjoined to prevent any future loss of property or money suffered by the Plaintiff.

29. Defendants have been and continue to be possession of the Monroe pictures which exclusively belonged to Carl Perutz and have now passed to plaintiff, a legal heir.

WHEREFORE, plaintiff prays for judgment against the defendants as set forth below:

1. Issue a temporary retraining order, as well as a preliminary and permanent injunction, which orders defendants, their employees, agents and assigns from directly or indirectly infringing the plaintiff's right in the copyrighted Monroe pictures, whether now in existence or later created, including without limitation by using the Internet to reproduce or copy any of the photographs; and to immediately relinquish the Monroe pictures to plaintiff and to refrain from distribution or offer distribution any of these photographic images, except pursuant to a lawful license or the express authorization;

2. Issue a preliminary and permanent injunction restoring ownership of the Monroe pictures to the plaintiff;

3. Declaratory relief as may be appropriate;

4. For actual and statutory damages pursuant to 17 U.S.C. §504, at the election of plaintiff;

5. For punitive damages;

6. For plaintiff's costs and attorneys' fees.

7. For such other and further relief as this Court may deem just and proper.

1

2   Dated: April 5, 2006

3

4                           William M. Simpich
                            Tesfaye W. Tsadik
                            Attorneys for Plaintiff
5                           PETE LIVINGSTON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28