# SMITH, SOVIK, KENDRICK & SUGNET, P.C.

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

**315-474-2911**
INTERNET www.smithsovik.com

FACSIMILE: 315-474-6015

SUZANNE K. LEHMAN
Voice Mail Extension 124
slehman@smithsovik.com

JOHN TIMOTHY SMITH (1902-1964)
NELSON J. SMITH (1923-1967)
MARTIN F. KENDRICK (1917-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC G. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R RYAN
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ

April 22, 2008

**Via Federal Express**

United States District Magistrate Judge Kevin Nathaniel Fox
United States District Court
Southern District of New York
500 Pearl Street, Room 540
New York, New York 10007-1312



     Re:    Pete Livingston v. Keya Morgan, et al.
             Civil Action No.: 07-CV-7835 (RMB/KNF)

Dear Judge Fox:

This letter is in response to Defendants' letter to Your Honor dated April 17, 2008, regarding Defendants' request to extend and/or stay the discovery period in the above captioned matter until Defendants' pending Motion to Dismiss is decided. I did speak with Defendants' counsel regarding Defendants' request and did not agree to extend and/or stay the discovery period. It is my recollection from the pre-motion conference held before Judge Berman on March 11, 2008, that the parties were to continue with discovery despite Defendants' intention to file a motion to dismiss Plaintiff's Complaint. Thus, in order to comply with the current discovery deadline of May 1, 2008, Plaintiff served written discovery, subpoenas and a notice of deposition for Defendant Keya Morgan. We respectfully request that the Court deny Defendants' request as it is in the best interests of the parties to keep this case moving through discovery.



Date: 4/24/08


AMERICAN LAW FIRM
ASSOCIATION

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

April 22, 2008
Page 2

Defendants' letter also raises several issues with the written discovery requests and notice of deposition promulgated by Plaintiff. Defendants' counsel has not conferred with either me or Steven Ward Williams regarding the scope of Plaintiff's discovery requests and any objections Defendants may have with respect to said requests. Thus, Defendants' objections to Plaintiff's written discovery are not properly before the Court.

However, if the Court decides to consider Defendants' objections to Plaintiff's discovery demands, Plaintiff respectfully submits his response to Defendants' objections. With respect to Plaintiff's First Request for Production of Documents, the requests are neither extremely burdensome nor questionable. Plaintiff's requests are tailored to solicit documents in Defendants' possession regarding the claims and potential defenses to this action. For example, Defendants have alleged that Plaintiff's father was not the photographer of the Marilyn Monroe photographs at issue in this case; therefore, Plaintiff requested Defendants to produce documents regarding the alleged other photographer, Takashi Oyama.

Local Civil Rule 33.3 outlines the manner in which parties should serve interrogatories. Interrogatories, initially, are restricted. Parties, however, may serve additional interrogatories regarding a party's claims and/or defenses if such interrogatories are a more practical method of obtaining information from the adverse party and/or at the conclusion of discovery. Due to the shortened discovery period in this case, Plaintiff chose to send interrogatories requesting information regarding witnesses and Defendants' defenses at one time. Moreover, Plaintiff's interrogatories are narrowly tailored and likely to lead to the discovery of admissible evidence.

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

April 22, 2008
Page 3

Finally, Plaintiff's notice of deposition for Defendant Keya Morgan is neither unduly burdensome nor unusual. Depositions occur every day in the course of discovery and this case is no different. Defendant Morgan should expect that Plaintiff would notice his deposition and it was necessary to schedule Defendant's deposition prior to the close of the discovery period on May 1, 2008.

Sincerely,

Suzanne K. Lehman

SKL/
CC:   Kenneth R. Silverman, Esq. (via facsimile and regular mail)