# SMITH, SOVIK, KENDRICK & SUGNET, P.C.

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

315-474-2911
INTERNET www.smithsovik.com

FACSIMILE 315-474-6015

STEVEN WARD WILLIAMS
Voice Mail Extension 108
swilliams@smithsovik.com

JOHN TIMOTHY SMITH (1902-1964)
NELSON J. SMITH (1923-1967)
MARTIN F. KENDRICK (1917-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC G. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R. RYAN
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 6/13/08]

June 5, 2008

**Via Federal Express**

United States District Magistrate Judge Kevin Nathaniel Fox
United States District Court
Southern District of New York
500 Pearl Street, Room 540
New York, New York 10007-1312

[Stamp: MEMO ENDORSED]

[Handwritten: 6/13/08
Application denied.
SO ORDERED.
/s/ Kevin Nathaniel Fx
KEVIN NATHANIEL FOX, USMJ]

Re:   Pete Livingston v. Keya Morgan, et al.
      Civil Action No.: 07-CV-7835 (RMB/KNF)

Dear Judge Fox:

Pursuant to your individual practices and Local Rule 37.2, Plaintiff requests an informal conference with the Court to discuss Plaintiff's intention to file a motion to compel Defendant Keya Morgan to appear for his deposition.

On January 22, 2008, a status conference was held before the Honorable Richard M. Berman wherein the Court directed that all fact discovery be completed by May 1, 2008. Defendants requested an extension of time to answer the Complaint and then submitted a letter to the court on February 20, 2008, expressing their intent to file a motion to dismiss Plaintiff's Complaint. The Court scheduled a pre-motion conference for March 11, 2008 to discuss Defendants' intention to file a motion to dismiss. Neither party, however, had engaged in any discovery to that point because it was assumed, albeit incorrectly, that discovery was stayed during the pendency of Defendants' motion

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

June 5, 2008
Page 2

to dismiss. The Court, however, indicated during the March 11, 2008 conference that discovery was not stayed, despite the pendency of the motion to dismiss, and the parties should comply with the discovery deadlines established during the January 22, 2008 conference. Plaintiff thereafter diligently pursued discovery from Defendants and served interrogatories, requests for the production of documents and noticed Defendant Morgan's deposition.

    Plaintiff properly served a notice of deposition for Defendant Morgan on April 15, 2008. Plaintiff scheduled Defendant's deposition for May 1, 2008, which was within the discovery period. After the close of business on Friday, April 25, 2008, defense counsel contacted my office regarding rescheduling Defendant's deposition because he was unable to appear that day. Defense counsel did not provide any explanation as to why he was unable to appear on May 1, 2008, nor did he propose alternative dates for Defendant's deposition. When I received defense counsel's letter on Monday morning, April 28, 2008, I immediately wrote to defense counsel and explained that we could not simply reschedule the deposition, given the discovery deadline of May 1, 2008. Further, I explained to defense counsel that his last minute request to adjourn the deposition would cause an undue hardship on my client, as he had already purchased nonrefundable airline tickets to appear for the deposition.

    Defense counsel indicated for the first time on April 28, 2008, three (3) days before the scheduled deposition, that he was unable to appear for Defendant's deposition because he had a court appearance scheduled for May 1, 2008. Again,

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

June 5, 2008
Page 3

defense counsel failed to propose alternative dates for the deposition. I did not receive defense counsel's April 28 letter until April 29, 2008, only two (2) days before the deposition.

I promptly responded and reiterated my general practice to work with opposing counsel regarding scheduling matters. The circumstances of this case, however, prevented me from rescheduling Defendant's deposition. My client had already incurred considerable costs in traveling to New York and defense counsel's late request to adjourn the deposition without providing alternative dates left me with no other option, but to go forward with the deposition. Further, because the Court denied defendants' request to stay the discovery period pending resolution of defendants' motion to dismiss, we could not reschedule Defendant's deposition, as it would be beyond the discovery cut off date. Defense counsel then wrote to Your Honor and requested an extension of the discovery schedule so Defendant's deposition could be rescheduled. Your Honor denied that request. Notwithstanding that fact, Defendant failed to appear for his deposition scheduled for May 1, 2008.

Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ....". Defendant's failure to appear for his deposition has hindered Plaintiff's attempts to obtain discovery and adequately prepare for litigation. Thus, Plaintiff intends to file a motion respectfully requesting that Your Honor

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

June 5, 2008
Page 4

re-open discovery for the purpose of taking Defendant's deposition and a motion to compel Defendant to appear for his deposition.

My office has attempted in good faith to resolve this dispute without involving the Court. I contacted defense counsel on May 30, 2008 to reschedule Defendant's deposition, but defense counsel would not agree to reschedule his deposition. In short, defense counsel said he will not agree to produce Defendant for a deposition at any time, unless the Court orders the deposition to go forward. With Your Honor's assistance, however, we might be able to resolve this issue without the need for motion practice.

As always, Your Honor's attention to this matter is greatly appreciated.

Sincerely,

Steven Ward Williams

/fg

cc: Kenneth Silverman, Esq.
Matt Bryant, Esq.