UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PETE LIVINGSTON,

      Plaintiff,

v.

KEYA MORGAN aka KEYARASH
MAZHARI aka KEYA MAZHARI,
KEYA GALLERY, AND DOES 1-100

      Defendants.

Case No. 07-CV-7835 (RMB) (KNF)

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANT KEYA MORGAN'S
DEPOSITION**

---

Plaintiff, Pete Livingston, through his attorneys, Smith, Sovik, Kendrick & Sugnet, P.C.,

pursuant to Federal Rule of Civil Procedure 37(a) hereby files his Motion to Compel Defendant

Keya Morgan's Deposition.

## I.  **Factual Background**

On January 22, 2008, a status conference was held before the Honorable Richard M.

Berman wherein the Court directed that all fact discovery be completed by May 1, 2008.

Defendants requested an extension of time to answer the Complaint and then submitted a letter to

the court on February 20, 2008, expressing their intent to file a motion to dismiss Plaintiff's

Complaint.  The Court scheduled a pre-motion conference for March 11, 2008, to discuss

Defendants' intention to file a motion to dismiss.  Neither party, however, had engaged in any

discovery to that point because it was assumed, albeit incorrectly, that discovery was stayed

during the pendency of Defendants' motion to dismiss.  The Court, however, indicated during

the March 11, 2008, conference that discovery was not stayed, despite the pendency of the

motion to dismiss, and the parties should comply with the discovery deadlines established during

the January 22, 2008, conference.  Plaintiff thereafter diligently pursued discovery from

Defendants and served interrogatories, requests for the production of documents and noticed Defendant Morgan's deposition.

Plaintiff properly served a notice of deposition for Defendant Morgan on April 15, 2008. *See* Exhibit A. Plaintiff scheduled Defendant's deposition for May 1, 2008, which was within the discovery period. After the close of business on Friday, April 25, 2008, defense counsel contacted Plaintiff's counsel regarding rescheduling Defendant's deposition because he was unable to appear that day. *See* Exhibit B. Defense counsel did not provide any explanation as to why he was unable to appear on May 1, 2008, nor did he propose alternative dates for Defendant's deposition. *See* Exhibit B. Plaintiff's counsel received defense counsel's letter on Monday morning, April 28, 2008, and he immediately wrote to defense counsel and explained that Morgan's deposition could not simply be rescheduled, given the discovery deadline of May 1, 2008. *See* Exhibit B. Further, Plaintiff's counsel explained to defense counsel that his last minute request to adjourn the deposition would cause an undue hardship on Plaintiff, as he had already purchased nonrefundable airline tickets to appear for the deposition. *See* Exhibit B.

Defense counsel indicated for the first time on April 28, 2008, three (3) days before the scheduled deposition, that he was unable to appear for Defendant's deposition because he had a court appearance scheduled for May 1, 2008. *See* Exhibit C. Again, defense counsel failed to propose alternative dates for the deposition. *Id.* Plaintiff's counsel did not receive defense counsel's April 28 letter until April 29, 2008, only two (2) days before the deposition. *See* Exhibit D.

Plaintiff's counsel promptly responded and reiterated his general practice to work with opposing counsel regarding scheduling matters. *See* Exhibit D. The circumstances of this case, however, prevented Defendant's deposition from being rescheduled. Plaintiff had already

2

incurred considerable costs in traveling to New York and defense counsel's late request to adjourn the deposition without providing alternative dates left Plaintiff with no other option, but to go forward with the deposition. *See* Exhibit D. Further, because the Court denied defendants' request to stay the discovery period pending resolution of defendants' motion to dismiss, Plaintiff could not reschedule Defendant's deposition, as it would be beyond the discovery cut off date. *See* Exhibit D. Defense counsel then wrote to Your Honor and requested an extension of the discovery schedule so Defendant's deposition could be rescheduled. Your Honor denied that request. Notwithstanding that fact, Defendant failed to appear for his deposition scheduled for May 1, 2008.

## II.    Argument

Defendant Morgan's decision to not appear for his deposition contravened well established discovery rules and evidences his unwillingness to cooperate in the discovery process. Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ....". Indeed, Defendant Morgan's actions have impeded Plaintiff's efforts to obtain relevant information regarding the claims and defenses in this action. Plaintiff is entitled to this information and needs this information to adequately prepare for litigation. See Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.").

A "discovery deposition is intended to provide an effective means of gathering non-privileged information relevant to the subject matter involved in the pending action." Smith v.

Logansport Community Sch. Corp., 139 F.R.D. 637, 641 (N.D. Ind. 1991). Defendant Morgan, however, interfered with this general practice when he failed to appear for his deposition. Moreover, Plaintiff will be prejudiced in his pursuit of this action if Defendant is not required to complete his deposition because he could testify about relevant matters to which Plaintiff could not adequately respond to or defend.

Plaintiff properly served Defendant Morgan with a notice of deposition on April 15, 2008, sixteen (16) days before the scheduled deposition. Defendants' counsel did not inform Plaintiff's counsel of his unavailability until after the close of business on Friday, April 25, 2008. Thus, Plaintiff's counsel's first opportunity to respond to Defendants' counsel's request was three (3) business days before the scheduled May 1, 2008 deposition. The May 1, 2008 discovery deadline and Defendants' counsel's delay in communicating his unavailability precluded Plaintiff from rescheduling Defendant Morgan's deposition. Further, Defendants' counsel never indicated when either he or his client would be available for Defendant Morgan's deposition.

Furthermore, pursuant to Rule 30(d)(3) "if the court finds that any impediment, delay, or other conduct frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof." Plaintiff seeks attorneys' fees, costs and sanctions against Defendants as a result of Morgan's failure to appear for his deposition. At the time defense counsel stated that Defendant would not appear for his deposition, both Plaintiff and Plaintiff's counsel had already made travel arrangements to be in New York for the deposition. In fact, Plaintiff had purchased non-refundable airline tickets and would have incurred considerable financial hardship if the deposition were rescheduled.

4

Plaintiff's counsel has made good faith efforts to resolve this matter with Defendants' counsel without involving the Court. Plaintiff's counsel contacted defense counsel on May 30, 2008, to reschedule Defendant's deposition, but defense counsel would not agree to reschedule his deposition. In short, defense counsel said he would not agree to produce Defendant for a deposition at any time, unless the Court ordered the deposition to go forward. Plaintiff submitted a letter to Judge Fox requesting an informal conference to resolve this discovery dispute. *See* Exhibit E. Judge Fox denied Plaintiff's request. *See* Exhibit E. Therefore, Plaintiff has no choice but to file this motion to compel.

## III.    Conclusion

Accordingly, Plaintiff respectfully requests that this Court enter an Order (1) finding that Plaintiff made a good faith effort to obtain the discovery without court action; (2) granting Plaintiff's Motion to Compel and ordering Defendant Morgan to appear for his deposition; (3) awarding Plaintiff his travel costs to and from Morgan's previously scheduled deposition; (4) awarding Plaintiff his reasonable expenses and attorney's fees in appearing for Morgan's previously scheduled deposition, and (4) awarding Plaintiff his reasonable expenses incurred in making this Motion, including attorney's fees.

Dated: June 19, 2008.                    SMITH, SOVIK, KENDRICK
                                         & SUGNET, P.C.


                                         _Suzanne K. Lehman_

                                         Steven Ward Williams
                                         Bar Roll No. SW1625
                                         Suzanne K. Lehman
                                         Bar Roll No. SL5218
                                         250 S. Clinton Street
                                         Syracuse, NY 13202
                                         Telephone: (315) 474-2911

                                         Attorneys for Plaintiff

To:    Kenneth R. Silverman, Esq.
        Matthew Bryant, Esq.
        32 Middagh Street, #16
        Brooklyn, New York 11201

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PETE LIVINGSTON,

    Plaintiff,

       v.

KEYA MORGAN aka KEYARASH
MAZHARI aka KEYA MAZHARI, KEYA
GALLERY,

    Defendants.

Case No. 07 CV 7835 (RMB) (KNF)

**PLAINTIFF'S NOTICE TO TAKE
DEPOSITION OF DEFENDANT KEYA
MORGAN UPON ORAL
EXAMINATION**

To:    Kenneth Silverman
       32 Middagh Street, #16
       Brooklyn, New York 11201

**PLEASE TAKE NOTICE** that Plaintiff, Pete Livingston, through his attorneys,

pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, will take the

deposition upon oral examination of Keya Morgan by stenographic transcription before

an official reporter authorized by law to administer oaths, at the office of Lester, Schwab,

Katz & Dwyer, LLP, 120 Broadway, New York, NY 10271, on May 1, 2008 beginning at

10:00 a.m. of that day and continuing at such other places and times to which said

examination may be adjourned.  The deposition shall be taken pursuant to notice and

shall continue from that time until complete.

Dated: April 15, 2008

                         *Suzanne K. Lehman*
                         Suzanne K. Lehman (SL5218)
                         Smith, Sovik, Kendrick & Sugnet, P.C.
                         250 South Clinton Street
                         Suite 600
                         Syracuse, New York 13202
                         (315) 474-2911
                         Slehman@smithsovik.com

**EXHIBIT "B"**

## Fran Gaglio

| | |
|---|---|
| **From:** | Steven Williams |
| **Sent:** | Monday, April 28, 2008 10:45 AM |
| **To:** | Suzanne K. Lehman |
| **Subject:** | RE: Livingston v. morgan |

Ken, Suzanne passed your e-mail to me, as I am lead counsel in this matter.

As to doing the conference earlier on 5/5, that will be a bit of a challenge, as I will be coming in from Syracuse. I should, however, be able to get there by 9:30. So, if you request the court change the start time to 9:30, please feel free to let the judge know I have no objection.

As to rescheduling the deposition of your client, I don't see that happening. I typically do my best to work around the scheduling needs of opposing counsel, but there are several factors that prevent a rescheduling here. First, the court has ordered that discovery be completed by 5/1. Consequently, we cannot push the deposition back without court approval. Second, my client has booked airline tickets to travel here for the deposition. It would therefore cause my client a financial hardship to reschedule at this late date

Steven W. Williams, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton St., Suite 600
Syracuse, New York 13202-1252
(t) (315) 474-2911
(f) (315) 474-6015

**From:** Suzanne K. Lehman
**Sent:** Monday, April 28, 2008 10:33 AM
**To:** Steven Williams
**Subject:** FW: Livingston v. morgan


**From:** roundstein@netscape.com [mailto:roundstein@netscape.com]
**Sent:** Friday, April 25, 2008 5:11 PM
**To:** Suzanne K. Lehman
**Subject:** RE: Livingston v. morgan


Suzanne:

Two scheduling matters:

1) A conference is scheduled for 5/5/08 at 10:30. Are you amenable to doing it earlier, say 9 or 9:30, as I have another matter at 10:30. This conference was scheduled before I was in the case. I'll put a letter into the Court.

2) I am unable to appear on May 1 for the deposition of defendant, and ask that you contact me to reschedule.

Thanks,

Ken
--- slehman@smithsovik.com wrote:

From: "Suzanne K. Lehman" <slehman@smithsovik.com>
To: <roundstein@netscape.com>
Subject: RE: Livingston v. morgan
Date: Wed, 23 Apr 2008 07:37:42 -0400

4/28/2008

EXHIBIT "C"

Kenneth R. Silverman, Esq.
Attorney for Defendants Keya Morgan
and Keya Gallery
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082 - Phone and Fax

By Fax:

Steven Ward Williams
Smith, Sovik, Kendrick & Sugnet
250 South Clinton Street
Syracuse, NY 13202-1252
(315) 474-6015

Re: Pete Livingston v. Keya Morgan and Keya Gallery, Case
Number 07 CV 7835 (RMB) (KNF)

April 28, 2008

Dear Mr. Williams:

As per my email to you on April 25, 2008, I am letting you know once again
that I am unable to appear at the deposition scheduled for 10:00 A.M. on May 1, 2008
due to Court appearances that day. My client does not waive counsel for the deposition.
I have asked that we act in good faith and cooperation and reschedule the deposition. I have
attempted to work with you, and contacted you regarding this scheduling problem immediately
after Judge Fox indicated he would not postphone discovery while the Motion to Dismiss is
pending. Please contact me to reschedule the deposition.

Moreover, pursuant to FRCP 33 and 34 (b) a party has 30 days to respond to the
Interrogatories and Document Production Demands, and therefore the May 1 deadline you
indicated is incorrect.

Yours Truly,

Kenneth R. Silverman

**EXHIBIT "D"**

# SMITH, SOVIK, KENDRICK & SUGNET, P.C.

JOHN TIMOTHY SMITH (1902-1964)
NELSON J. SMITH (1904-1951)
WALTER B. KENDRICK (1908-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC C. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R. RYAN
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

**315-474-2911**
INTERNET www.smithsovik.com

FACSIMILE: 315-474-6015

STEVEN WARD WILLIAMS
Voice Mail Extension 108
swilliams@smithsovik.com

April 29, 2008

<u>**Via Facsimile, E-mail and U.S. Mail**</u>

Kenneth R. Silverman, Esq.
32 Middagh Street, #16
Brooklyn, New York 11201

Re:    Pete Livingston v. Keya Morgan and Keya Gallery
       Civil Action No. 1:07-cv-07835 (RMB/KNF)

Dear Ken:

I received your letter dated April 28, 2008, this morning regarding rescheduling your client's deposition scheduled for May 1, 2008 beginning at 10:00 a.m. You first informed us, after the close of business on Friday, April 25, 2008, that you would be unable to appear at your client's deposition. You did not provide a reason for why you would be unable to appear. Further, I responded to your request first thing yesterday morning. At this late date, I, along with my client, have already made arrangements to be in New York. Moreover, my client has purchased airline tickets that are non-refundable.

Discovery in this matter is set to close on Thursday, May 1, 2008. Your request to stay the discovery period pending the resolution of your clients' motion to dismiss was denied. At the time you requested the stay, you never mentioned that your client's deposition needed to be rescheduled. Therefore, given the stringent discovery deadlines imposed by the Court and the Court's unwillingness to extend discovery, we cannot reschedule your client's deposition.

Pursuant to the Court's direction at the January 22, 2008 conference, your clients' discovery responses are due within twenty-one (21) days from the date of service.

Finally, I am sitting at the law offices of Lester, Schwab, Katz & Dwyer, LLP waiting for the appearance of Daniel Byrnes, who, as you know, was subpoenaed to appear for deposition. Frankly, I am somewhat confused as to why you are not here.



ALFA
AMERICAN LAW FIRM
ASSOCIATION

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

April 29, 2008
Page 2

We served Mr. Byrnes with a valid subpoena requesting his appearance and requiring he bring certain documents with him. Moreover, you were timely notified of Mr. Byrnes' deposition. It appears Mr. Byrnes has chosen to ignore the subpoena, and your absence indicates you were aware of his plan to do that. In any event, I will seek judicial intervention in securing Mr. Byrnes' testimony.

As I mentioned previously, I am typically more than willing to work around the scheduling needs of opposing counsel. Given the Court's Order as to discovery, your late request for an adjournment and the cost my client has incurred with regard to travel arrangements, I can not agree to an adjournment in this instance. Further, please be advised I will seek sanctions and costs if you and your client fail to appear Thursday.

Sincerely,

Steven Ward Williams

**EXHIBIT "E"**

# SMITH, SOVIK,
# KENDRICK & SUGNET, P.C.

JUN 0 2 2008

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

**315-474-2911**
INTERNET www.smithsovik.com

FACSIMILE

STEVEN WARD WILLIAMS

Voice Mail Extension 108
swilliams@smithsovik.com

June 5, 2008

JOHN TIMOTHY SMITH (1902-1964)
NELSON J. SMITH (1922-1967)
MARTIN F. KENDRICK (1917-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC G. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R. RYAN
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ

**Via Federal Express**

**MEMO ENDORSED**

6/13/08
application denied.
SO ORDERED.
Kevin Nathaniel Fox

KEVIN NATHANIEL FOX, USMJ

United States District Magistrate Judge Kevin Nathaniel Fox
United States District Court
Southern District of New York
500 Pearl Street, Room 540
New York, New York 10007-1312

> **Re:** **Pete Livingston v. Keya Morgan, et al.**
> **Civil Action No.: 07-CV-7835 (RMB/KNF)**

Dear Judge Fox:

Pursuant to your individual practices and Local Rule 37.2, Plaintiff requests an informal conference with the Court to discuss Plaintiff's intention to file a motion to compel Defendant Keya Morgan to appear for his deposition.

On January 22, 2008, a status conference was held before the Honorable Richard M. Berman wherein the Court directed that all fact discovery be completed by May 1, 2008. Defendants requested an extension of time to answer the Complaint and then submitted a letter to the court on February 20, 2008, expressing their intent to file a motion to dismiss Plaintiff's Complaint. The Court scheduled a pre-motion conference for March 11, 2008 to discuss Defendants' intention to file a motion to dismiss. Neither party, however, had engaged in any discovery to that point because it was assumed, albeit incorrectly, that discovery was stayed during the pendency of Defendants' motion

**ALFA**
AMERICAN LAW FIRM
ASSOCIATION

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

June 5, 2008
Page 2

to dismiss. The Court, however, indicated during the March 11, 2008 conference that discovery was not stayed, despite the pendency of the motion to dismiss, and the parties should comply with the discovery deadlines established during the January 22, 2008 conference. Plaintiff thereafter diligently pursued discovery from Defendants and served interrogatories, requests for the production of documents and noticed Defendant Morgan's deposition.

Plaintiff properly served a notice of deposition for Defendant Morgan on April 15, 2008. Plaintiff scheduled Defendant's deposition for May 1, 2008, which was within the discovery period. After the close of business on Friday, April 25, 2008, defense counsel contacted my office regarding rescheduling Defendant's deposition because he was unable to appear that day. Defense counsel did not provide any explanation as to why he was unable to appear on May 1, 2008, nor did he propose alternative dates for Defendant's deposition. When I received defense counsel's letter on Monday morning, April 28, 2008, I immediately wrote to defense counsel and explained that we could not simply reschedule the deposition, given the discovery deadline of May 1, 2008. Further, I explained to defense counsel that his last minute request to adjourn the deposition would cause an undue hardship on my client, as he had already purchased nonrefundable airline tickets to appear for the deposition.

Defense counsel indicated for the first time on April 28, 2008, three (3) days before the scheduled deposition, that he was unable to appear for Defendant's deposition because he had a court appearance scheduled for May 1, 2008. Again,

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

June 5, 2008
Page 3

defense counsel failed to propose alternative dates for the deposition. I did not receive
defense counsel's April 28 letter until April 29, 2008, only two (2) days before the
deposition.

I promptly responded and reiterated my general practice to work with opposing
counsel regarding scheduling matters. The circumstances of this case, however,
prevented me from rescheduling Defendant's deposition. My client had already incurred
considerable costs in traveling to New York and defense counsel's late request to
adjourn the deposition without providing alternative dates left me with no other option,
but to go forward with the deposition. Further, because the Court denied defendants'
request to stay the discovery period pending resolution of defendants' motion to
dismiss, we could not reschedule Defendant's deposition, as it would be beyond the
discovery cut off date. Defense counsel then wrote to Your Honor and requested an
extension of the discovery schedule so Defendant's deposition could be rescheduled.
Your Honor denied that request. Notwithstanding that fact, Defendant failed to appear
for his deposition scheduled for May 1, 2008.

Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any
matter, not privileged, which is relevant to the subject matter involved in the pending
action, whether it relates to the claim or defense of the party seeking discovery or to the
claim or defense of any other party ....". Defendant's failure to appear for his deposition
has hindered Plaintiff's attempts to obtain discovery and adequately prepare for
litigation. Thus, Plaintiff intends to file a motion respectfully requesting that Your Honor

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

June 5, 2008
Page 4

re-open discovery for the purpose of taking Defendant's deposition and a motion to compel Defendant to appear for his deposition.

My office has attempted in good faith to resolve this dispute without involving the Court. I contacted defense counsel on May 30, 2008 to reschedule Defendant's deposition, but defense counsel would not agree to reschedule his deposition. In short, defense counsel said he will not agree to produce Defendant for a deposition at any time, unless the Court orders the deposition to go forward. With Your Honor's assistance, however, we might be able to resolve this issue without the need for motion practice.

As always, Your Honor's attention to this matter is greatly appreciated.

Sincerely,

Steven Ward Williams

/fg

cc:   Kenneth Silverman, Esq.
      Matt Bryant, Esq.