Kenneth R. Silverman, Esq.
Attorney for Defendants Keya Morgan
And Keya Gallery
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082

_____X

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X   ELECTRONICALLY FILED

PETE LIVINGSTON,   No. 07 CV 7835 (RMB) (KNF)

      Plaintiff

v.   DEFENDANTS' MEMORANDUM
IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
DEFENDANT KEYA MORGAN'S DEPOSITION
KEYA MORGAN AND KEYA   AND CROSS-MOTION FOR SANCTIONS
UNDER 28 U.S.C. 1927

GALLERY,

      Defendants,

_____X

Defendants Keya Morgan and Keya Gallery (hereinafter "Defendants") by and

through their attorney, Kenneth R. Silverman, Esq. file this Opposition to Plaintiff's

Motion to Compel and Cross-Move for Sanctions pursuant to 28 U.S.C. 1927.

ARGUMENT

POINT 1. The Court has Already Ruled On This Matter Numerous Times

      Plaintiff seeks after the close of discovery to compel a deposition after having moved

and requested identical relief on numerous occasions. The Court has ruled on this issue many

1

times. On April 29, 2008, the Court ruled that the discovery deadline would not be extended, and the Court declined to compel a deposition of the Defendant Keya Morgan. This Order was issued after Plaintiff had moved by letter dated April 29, 2008 that the Court Compel Defendant's attendance at the deposition scheduled May 1, 2008. Plaintiff's letter motion to the Court is attached as Exhibit (1). Plaintiff's application to Compel is on page two (2) of the Exhibit.

Subsequent to that, at a settlement conference on May 6, 2008, Plaintiff attempted to raise the deposition issue, and the Court orally reiterated that discovery was over, and that Plaintiff could appeal if he wished. Plaintiff did not appeal, but on May 13, 2008, Plaintiff, pursuant to Federal Rule of Civil Procedure 72 (a), filed his Objections to the Court's Order dated April 29, 2008. The Court did not modify or set aside any portion of the April 29, 2008 Order. On June 5, 2008, Plaintiff submitted a letter to the Court requesting a conference to compel discovery after the deadline, and the Court on June 13, 2008 denied Plaintiffs application. Plaintiff now moves to Compel a post-discovery deposition after having made this request and/or moved three (3) previous times. The arguments Plaintiff makes in this motion are identical to those made previously, and Defendants apologize to the Court for having to reiterate its arguments in Opposition to this wasteful motion.

Plaintiff's entire discovery strategy, including the scheduling of the deposition and refusal to cooperate in rescheduling were conducted in bad faith. Firstly, Plaintiff served discovery demands in a manner that attempted to shorten Defendants time to respond, by serving such documents with only twenty-one days before the expiration of discovery, when the federal rules require thirty days to respond. Plaintiff's attorney then argued that the Court had directed that responses were due within 21 days. As Defendants have pointed out to the Court in previous correspondence, the Case Management Order does not indicate a variation in response time. The

2

Case Management Order is attached As Exhibit (2). Plaintiff's counsel states in its motion (pg. 1-2) that it expeditiously pursued discovery after attending the March 11, 2008 pre-motion conference. This exact recitation of its letter to the Court on June 5, 2008, requesting a conference, is simply not true. Plaintiff did not serve its discovery demands until almost a month later, as these documents were received by Defendants on April 10, 2008. The deposition demand was not received until April 16, 2008. Defendants promptly submitted a letter to the Court requesting a stay of discovery while the Motion to Dismiss was pending. This was denied on April 24, 2008. Upon receiving this denial, Plaintiff's attorney was contacted via email, phone and letter in a good faith attempt to reschedule the deposition, such rescheduling being a common part of attorney practice. Instead of acting in good faith and the spirit of cooperation, Plaintiff's Attorney responded that he would not reschedule, and that the deposition was noticed for the last day of discovery. Yet it was Plaintiff's attorney who waited until two weeks before the discovery expiration to schedule the deposition, and scheduled it for the very last day of discovery. Moreover, Plaintiff's attorney was informed that Defendants' attorney was unavailable due to court appearances. Furthermore, Plaintiff's Attorney did not inform Defendants that his client was attending and flying in for the deposition at the time he noticed the deposition.

Plaintiff's attorney misconstrues the good faith requirement in the Federal Rules. A party is required to act in good faith during the discovery period, not after its expiration. Plaintiff acted in bad faith by waiting to the expiration of discovery to schedule a deposition, and then refusing to work out a scheduling problem. This is part and parcel of Plaintiff attorney's modus operandi during the entirety of the discovery period, including as discussed above, attempting to unilaterally shorten Defendants' time to respond to discovery demands. Unfortunately, tactics and gamesmanship seem to be the method by which Plaintiff has operated in this case.

3

Plaintiff's attorney has previously accused Defendants' attorney in a letter of knowing that a non-party was not going to appear at a deposition. Plaintiff has attached a copy of this letter as Exhibit (D) to his Motion. His accusation can be found in the first paragraph of page 2. (Defendants had previously attached a copy of this letter to an April 29, 2008 letter to the Court.) Moreover, Plaintiff's attorney has essentially acknowledged his failure to act in good faith during the discovery period, when he wrote in his 72 (a) Objections that he intends to "confer." The time for conferring was during discovery, not after its expiration.

Plaintiff appears to be engaged in further bad faith tactics and gamesmanship with regard to the instant motion. On June 5, 2008, Plaintiff's attorney requested an adjournment of the settlement conference scheduled for June 11, 2008, stating that another attorney, Jeff Taft, would be taking over as primary counsel, and that the new attorney was unavailable. Yet, Plaintiff's current attorney has just engaged in motion practice at the very moment a new attorney is supposed to be taking on the case. Defendant made an offer to settle this matter in late May, and Plaintiff to date has not responded. Plaintiff's statement in its June 5, 2008 letter that "the parties continue to engage in settlement negotiations" appears to have been written merely to obtain time to request a conference on this motion, and to move after having the application for the conference denied. The application for a conference was dated June 5, 2008, the very same day as the request for an adjournment of the settlement conference. A copy of Plaintiff's June 5, 2008 letter to the Court seeking an adjournment is attached as Exhibit (3). Thus, Plaintiff seems to be engaged in more tactics and gamesmanship by using the cover of settlement negotiations and requests for adjournments as a method to obtain time to engage in repetitive motion practice.

The Court has already dealt with this issue extensively and issued several rulings. Plaintiff has previously moved and/or requested this identical relief three (3) times, and the Court

has declined his motion/request three (3) times. Plaintiff has engaged in and continues to engage in bad faith tactics and gamesmanship. The case law cited by Plaintiff stands for general propositions and has no bearing on the specific circumstances of this matter. Therefore, Plaintiff's application must be denied.

POINT II - Defendant's are entitled to Sanctions Under 28 U.S.C. 1927

Defendant is entitled to sanctions in the form of costs, expenses and reasonable attorney's fees for the costs of defending this motion and all legal work relating to this issue subsequent to the Court's Order dated April 29, 2008, declining to compel Defendant's attendance at a deposition. . 28 U.S.C. 1927. This motion is repetitive and frivolous, as the Court has previously ruled on this issue three (3) times, and declined to grant the instant relief after Plaintiff had moved by letter dated April 29, 2008 for the same. Plaintiff is forcing the Court to adjudicate a settled issue, and seems to be using the cover of settlement discussions to buy time to engage in repetitive motion practice. This is sanctionable activity.

An award of sanctions is proper where an attorney attempts to manipulate the Court into readjudicating a settled issue. Acli Government Securities v. Rhoades, 907 F. Supp 66 (S.D.N.Y. 1995), at 70. In ACLI, the Court noted that an Attorney, "seeking last minute adjournment of conference, may have falsely represented that parties were engaged in settlement discussions." ACLI, at 71 (Footnote 9). As discussed above, Plaintiff appears to have sought an adjournment under the cover of settlement negotiations and the hiring of a new attorney merely to allow time to make a motion on an issue already adjudicated several times by this Court.
(Also see Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 2001 WL 4998165 (C.A.2 (N.Y.))), at **2:"Without question, successive complaints based upon

5

propositions of law previously rejected constitute harassment under Rule 11.) In the case at bar, Plaintiff has had numerous rulings from the Court denying the exact relief now sought, and the filing of this motion constitutes harassment. Several Courts have held that refiling a motion that had been previously denied is sufficiently vexatious and constitutes grounds for the imposition of sanctions under 28 U.S.C. 1927 pursuant to the discretion of the Court. <u>Hudson Motors Partnership v. Crest Leasing Enterprises, Inc.</u> 845 F.Supp. 969, 978 (E.D.N.Y. 1994), citing to <u>Siderpali, S.P.A. v. Judal Industries, Inc</u>. 833 F. Supp. 1023, 1029 (S.D.N.Y. 1993). Therefore, Defendants are entitled to sanctions under 28 U.S.C. 1927.

Conclusion

It is hereby respectfully requested that the Court (1) deny Plaintiff's motion in its entirety, and (2) pursuant to 28 U.S.C. 1927 award Defendant's reasonable attorney's fees for the costs of defending this motion and all legal work relating to this issue subsequent to the Court's Order dated April 29, 2008, declining to compel Defendant's attendance at a deposition.

Dated: June 22, 2008

*[signature]*

Kenneth R. Silverman, Esq.
32 Middagh Street, #16
Brooklyn, NY 11201
(718) 852-3082
Attorney for Defendants

To:

Steven Ward Williams/Suzanne K. Lehman

6

Smith, Sovik, Kendrick & Sugnet, P.C.
250 S. Clinton Street
Syracuse, NY 13202

# EXHIBIT 1

Case 1:07-cv-07835-RMB-KNF   Document 48   Filed 06/23/2008   Page 8 of 15

# SMITH, SOVIK, KENDRICK & SUGNET, P.C.

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

FACSIMILE: 315-474-6015

STEVEN WARD WILLIAMS
Voice Mail Extension 108
swilliams@smithsovik.com

315-474-2911
INTERNET www.smithsovik.com

JOHN TIMOTHY SMITH (1902-1984)
NELSON J. SMITH (1929-1987)
MARTIN F. KENDRICK (1917-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC G. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R. RYAN
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ

April 29, 2008

<u>VIA FACSIMILE - 212.805-6712</u>

Honorable Kevin N. Fox
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>Livingston v. Keya Morgan a/k/a Keyarash Mazhari, et al</u>
<u>07 CV 7835 (RMB) (KNF)</u>

Dear Judge Fox:

I represent the plaintiff, Peter Livingston, in this matter, and I write now to seek your guidance and assistance in resolving a discovery dispute that has arisen.

As you know, Judge Berman dictated the discovery in this case not be stayed pending defendant's motion to dismiss. Therefore, I served discovery demands on the defendant on April 9, 2008, and a notice to depose the defendant on April 15, 2008. The deposition notice set defendant's deposition for May 1, 2008. In our initial conference with Judge Berman on January 22, 2008, he ordered that responses to discovery demands be served within 21 days. Judge Berman also ordered that all discovery be completed on or before May 1, 2008.

My client resides in San Francisco, California, and he has made travel arrangements to appear for defendant's deposition. In point of fact, he is scheduled to board a flight this evening.



ALFA
AMERICAN LAW FIRM
ASSOCIATION

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

April 29, 2008
Page 2

After close of business on Friday, April 25, 2008, my associate received an e-mail from defendant's attorney, Kenneth Silverman, asking that his client's deposition be rescheduled. First thing Monday morning, I wrote to defendant's attorney, and I explained that although I am typically more than willing to work around the scheduling needs of opposing counsel, I could not agree to adjourn defendant's deposition. Judge Berman ordered that discovery be completed by May 1, 2008; therefore, to adjourn the deposition would be in violation of Judge Berman's Order. Further, I explained to defendant's attorney that my client had purchased non-refundable travel tickets to travel to New York City for the deposition of the defendant. Consequently, to reschedule it at this late date would cause my client a significant expense.

Earlier today, while I was waiting for a non-party witness in this matter to appear at deposition pursuant to subpoena, my office received another letter from defendant's attorney wherein he refused to appear at the deposition of his client scheduled for Thursday, May 1, 2008. I once again wrote to him and explained the fact that I am simply unable to agree to an adjournment. The Court's Order to complete discovery by May 1, 2008, and my client's travel plans prevent me from agreeing to an adjournment.

As to the request for production of documents that we served on defendant on April 9, 2008, responses are due on or before tomorrow, April 30, 2008, as that is 21 days after the request for production of documents was served. In his correspondence to me, however, defendant's attorney argues that defendant has 30 days to respond to plaintiff's request for production of documents. I explained to defendant's attorney that although a party typically has 30 days to respond to a request for production of documents, Judge Berman specifically ordered at the conference of January 22, 2008, that the parties respond to discovery request within 21 days. As such, the discovery responses are due tomorrow (i.e. before defendant's deposition).

As my client would incur significant cost and expense if the deposition of the defendant were adjourned, and an adjournment would violate Judge Berman's discovery Order, <u>I respectfully request an Order of Your Honor compelling defendant's attorney and defendant to appear for the deposition scheduled for Thursday, May 1, 2008.</u> Alternatively, if Your Honor elects to extend the discovery Order so as to accommodate defendant's late request for an adjournment, plaintiff respectfully request Your Honor require defendant to reimburse plaintiff for his lost travel expenses.

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

April 29, 2008
Page 3

       Your attention to this matter is greatly appreciated.

                                        Very truly yours,

                                        Steven Ward Williams

/fg

c:     Kenneth Silverman, Esq. (via facsimile - 718-852-3082)

# EXHIBIT 2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LIVINGSTON
        Plaintiff(s),

    - v -

MORGAN
        Defendant(s).
-----------------------------------------------------------X

Case Management Plan

07 CV. 7835 (RMB)

The following Case Management Plan is entered after consultation with the parties. This Plan is also a Rule 16 and Rule 26(f) scheduling order as required by the Federal Rules of Civil Procedure.

(i)    Joinder of additional parties by _____

(ii)    Amend the pleadings by _____

(iii)    All discovery to be **expeditiously** completed by 5/1/08 (FACT + Expert)

(iv)    Consent to Proceed before Magistrate Judge ~~_____~~

(v)    Status of settlement discussions ~~_____~~ 5/5/08 @ 10:30 with pre-updates

**Sections vi through xi will be set at conference with the Court.**

(vi)    Motions _____

(vii)    Oral Argument _____

(viii)    Joint Pre-Trial Order to be submitted by _____

(ix)    Final Pre-Trial Conference _____

(x)    ~~Trial~~ "Service made today; also to mail today

(xi)    Other Discovery issues + service issues to J. Fox
Court will entertain default application, if appropriate

SO ORDERED: New York, New York
1/22/08

RMB
Hon. Richard M. Berman, U.S.D.J.

# EXHIBIT 3

# SMITH, SOVIK, KENDRICK & SUGNET, P.C.

ATTORNEYS AT LAW

250 SOUTH CLINTON ST., SUITE 600
SYRACUSE, NEW YORK 13202-1252

FACSIMILE: 315-474-6015

STEVEN WARD WILLIAMS
Voice Mail Extension 108
swilliams@smithsovik.com

315-474-2911
INTERNET www.smithsovik.com

JOHN T. SMITH (1901-1975)
NELSON J. SMITH (1923-1967)
MARTIN F. KENDRICK (1917-1983)
LAURENCE SOVIK (1904-1998)

WILLIAM E. SUGNET, RETIRED
JAMES A. O'SHEA, RETIRED

LAURENCE F. SOVIK
JAMES D. LANTIER
MICHAEL P. RINGWOOD
KEVIN E. HULSLANDER
ERIC G. JOHNSON
STEVEN WARD WILLIAMS
JAMES W. CUNNINGHAM
EDWARD J. SMITH, III
ROBERT P. CAHALAN
PATRICK B. SARDINO
BRANDON R. KING
GABRIELLE MARDANY-HOPE
KRISTIN L. NORFLEET
KRISTEN M. BENSON
DAVID A. D'AGOSTINO
ALICIA M. TISDELL
DANIEL R. RYAN
MICHAEL SPANO
KELLY C. MURRAY
SUZANNE K. LEHMAN
MICHELLE M. WESTERMAN
JOSE E. PEREZ

June 5, 2008

**Via Federal Express**
The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: Pete Livingston v. Keya Morgan and Keya Gallery
Case No. 07-CV-7835 (RMB) (KNF)

Dear Judge Berman:

This matter is scheduled for a conference with Your Honor on June 11, 2008 at 9:00 a.m. I respectfully request that this conference be adjourned. Plaintiff has hired another attorney, Jeff Taft, who will be primary counsel on the above referenced matter. We will be submitting a motion to have Mr. Taft admitted pro hac vice. Mr. Taft is unable to attend the June 11, 2008 conference. My office left a message for Defendants' counsel, Kenneth Silverman, to determine whether Defendants would consent to the adjournment, but I have not yet heard back from Mr. Silverman. Further, the parties continue to engage in settlement negotiations.

Based on the forgoing, I respectfully request that the conference scheduled for June 11, 2008, be adjourned to a later date. I fully realize the inconvenience this imposes upon the Court, and I apologize for same.

Thank you for your attention to this matter.

Respectfully submitted,

Steven W. Williams

SWW/
CC: Kenneth Silverman
    Matt Bryant

ALFA INTERNATIONAL
THE GLOBAL LEGAL NETWORK